UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Joyce E. Lambert,

Plaintiff,

vs.

John E. Potter,
United States Postmaster General,
and United States Postal Service,
and Judith Thon, individually.

Defendants.

Civil File No. 00-2580 MJD/JGL

**Confidentiality Stipulation and Order**

---

The parties, through their respective undersigned attorneys, hereby stipulate and agree, pursuant to Fed. R. Civ. P. 26, that the following limitations shall apply to the discovery of information produced during discovery which a party believes may constitute or contain confidential, governmentally protected information.

1. The parties agree to the entry of this order to allow Plaintiff to discover information and documents otherwise protected from disclosure by the Privacy Act of 1974, 5 U.S.C. § 552a, while, at the same time, protecting the privacy of employees and former employees of the United States Postal Service from unreasonable disclosure of information and documents pertaining to them. Similarly, Plaintiff wishes to have some of the information and documents she has provided or will provide (which information and documents she considers private) protected from disclosure outside the context of this litigation.

2. This Stipulation and Order shall apply to all materials and information

FILED 12-23-02
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD______
DEPUTY CLERK______

designated as confidential under paragraph 3 and produced by the parties during the course of discovery and until trial, and all copies, excerpts, or summaries of the documents produced, including, without limitation, documents produced pursuant to Rule 33 or Rule 34 of the Federal Rules of Civil Procedure, answers to requests for admissions, answers to interrogatories, documents subpoenaed in connection with deposition testimony, and deposition transcripts (hereinafter referred to collectively as "discovery materials").

3. Any party may from time to time designate as "CONFIDENTIAL" any discovery materials which contain confidential information, the disclosure of which by the receiving party would, in the good faith judgment of the party producing such materials, result in disclosure of governmentally protected information or undue invasion of privacy. (Discovery materials so designated are hereinafter referred to collectively as "Confidential Discovery Materials").

4. Confidential Discovery Materials designated as "CONFIDENTIAL" shall not be used by or communicated to any person or entity for any purpose whatsoever except the prosecution or defense of this case. Confidential Discovery Materials may only be disclosed to the following persons:

a. Attorneys of record or in-house counsel for the parties in these actions and the staff of their respective laws firms or in-house or legal departments working on this case;

b. Experts or consultants hired or consulted by such attorneys in connection with this case;

c. Officers, directors, partners, and employees of a party who are reasonably necessary to assist counsel in this case;

d. Persons noticed for deposition or designated as trial witnesses to the extent necessary

for the preparation of the person's testimony in this case;

e. The Court and Court personnel in accordance with the procedures set forth below; and

f. Stenographic reporters engaged for depositions or other proceedings necessary for the conduct of this case.

Subject to the exception set forth in paragraph 7 below (regarding documents already produced), before disclosing Confidential Discovery Materials to persons within categories 4a, 4b, 4c, and 4d above, the attorney disclosing the materials shall advise such persons of the restrictions of this Order and obtain written assurance in the form attached as Exhibit A that such person will be bound by its provision. That written assurance shall be available for inspection by the attorneys for the party whose Confidential Discovery Material is produced to assure such forms are duly executed.

5. To the extent feasible, all Confidential Discovery Materials shall be designated and stamped "CONFIDENTIAL" prior to their production. In the event that a party inadvertently fails to so designate any Confidential Discovery Materials, the producing party may within forty-five (45) days of production make such a designation by notifying the receiving party in writing.

6. In the case of deposition testimony, counsel for the person being deposed shall, within forty-five (45) days after the transcript has been received by such counsel, designate those portions of the transcript which contain testimony concerning Confidential Discovery Materials (herein "Confidential Deposition Testimony"). During this 45 day period, the entire transcript shall

be treated as though it was designated "CONFIDENTIAL" and shall be disclosed only to those persons listed above.

7. Since the parties have already produced materials that they may deem confidential, the parties may designate as "CONFIDENTIAL" materials already produced and portions of transcripts already delivered for forty-five (45) days after the execution of the agreement, by notifying the receiving party in writing.

8. In the event that counsel for either party determines it necessary to disclose such Confidential Discovery Materials or Confidential Deposition Testimony to persons other than those identified in paragraph 3, the counsel for the party desiring such disclosure shall provide at least ten (10) business days written notice to counsel for the producing party setting forth a description of the documents or information to be disclosed, the name of the person to whom the disclosure is proposed to be made, and the reason such disclosure is necessary. Counsel for the party receiving such notice shall, within ten (10) business days of receipt thereof, either (a) consent in writing to such disclosure, in which case the person to whom such disclosure is to be made shall be provided a copy of this Stipulation and shall agree in writing in a form substantially similar to Exhibit A hereto to be bound by its terms , or (b) advise the other party in writing that it does not consent to such disclosure, in which event the party desiring such disclosure may apply for an order permitting such disclosure, which motion shall be made after compliance with Local Rule 37.1, on notice to the other party, and pursuant to the Local Rules and the Federal Rules of Civil Procedure.

9. The confidential documents and depositions subject to this stipulation and

order shall be used by the parties (and their employees and staff), their counsel (and staff), and their agents for purposes of this litigation only and not for any other purpose whatsoever.

10. Except as provided herein, no one having access to the information and documents subject to this stipulation and order shall make public disclosure of any information and documents covered by this stipulation and order without further order of the Court or written agreement of the parties.

11. Nothing in this Stipulation shall be construed to limit the use or disclosure of any of the Confidential Discovery Materials or Confidential Deposition Testimony at or during any deposition, hearing or proceeding in this matter, except as provided below.

12. All Confidential Discovery Materials or Confidential Deposition Testimony submitted to or filed with the Court in this action (except during trial) shall be subject to this Stipulation and Order and submitted or filed under separate cover and shall be placed under seal. Such materials shall only be available to the Court and persons authorized by this Stipulation and Order.

13. This Stipulation and Order shall not prevent any Confidential Discovery Materials from being used by the Court or counsel of record at any hearing in this action, or from being offered and received into evidence at trial, subject to such confidentiality measures as the Court may then prescribe to protect the privacy of the individuals whose information and documents are covered by this Stipulation and Order. See 5 U.S.C.§ 552a(b)(11).

14. No person who obtains access to Confidential Discovery Materials pursuant to

Paragraph 3 above may disclose Confidential Discovery Materials to any persons other than those permitted access under this Stipulation and Order, unless it first secures the written consent of the producing party, or obtains permission from the Court, upon motion and with notice to all parties.

15. Within sixty (60) days after the conclusion of trial and all appeals or any other termination of this action, all Confidential Discovery Materials thereof shall be returned to the producing party or destroyed in a mutually agreeable manner, and all copies, excerpts, and summaries thereof shall be destroyed. The prohibitions of this Stipulation and Order which restrict the disclosure and use of Confidential Discovery Materials shall continue to be binding after the conclusion of this action.

16. Acceptance by a party of Confidential Discovery Materials shall not be construed as an admission that such materials actually contain confidential information.

17. The parties agree to attempt to resolve issues concerning use or disclosure by consultation and agreement, and to minimize the need for the Court to consider applications for relief pursuant to this Order.

18. Any party may apply to the Court for relief from, or modification of, this Stipulation and Order, for the removal of the confidential designation from any discovery materials, or extracts or portions thereof, for reclassification of Confidential Discovery Materials or for further protection of Confidential Discovery Materials. Such applications shall be made upon adequate notice and motion pursuant to the Local Rules and the Federal Rules of Civil Procedure. The burden of persuasion regarding any party's confidentiality designation shall be governed by Rule 26 of the

Federal Rules of Civil Procedure and the applicable case law. This Stipulation and Order is without prejudice to the rights of any party to object to the production of documents or information which it considers to be privileged or otherwise beyond the scope of Fed. R. Civ. P. 26.

19. This Stipulation shall be effective as of the date it is signed by the Court and filed.

Dated: By: ______________________

CULBERTH, LIENEMANN & STRATTON, LLP
Celeste E. Culberth (#228187)
Leslie L. Lienemann (#230194)
Lisa C. Stratton (#236858)
1050 Piper Jaffray Plaza
444 Cedar Street
St. Paul, MN 55101
Telephone: 651/290-9300

**ATTORNEYS FOR PLAINTIFF**

Dated: ______________________________

THOMAS B. HEFFELFINGER
United States Attorney

12/18/02

BY: Friedrich A. P. Siekert
FRIEDRICH A. P. SIEKERT
Assistant U.S. Attorney
Attorney ID No. 142013
600 United States Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5600

**ATTORNEYS FOR DEFENDANTS**

**ORDER**

Based upon the above Stipulation of plaintiff and defendants governing the confidentiality of discovery materials, it is hereby ordered that the provisions of said Stipulation shall apply to all confidential discovery materials including confidential deposition testimony produced by those parties in this action.

Dated: Dec. 23, 2002

Honorable Jonathan Lebedoff

**EXHIBIT A**

This is to certify that the undersigned has read and is fully familiar with the provisions of the Stipulation and Protective Order governing confidentiality of discovery materials dated ___________, in the action entitled Lambert v. John E. Potter, et al.

As a condition to my examinations of any Confidential Discovery Materials in connection with this case or my obtaining any information derived from said Confidential Discovery Materials, I hereby agree that this Confidentiality Stipulation and Order shall be deemed to be directed to and shall include me, and I shall observe and comply with the provisions of this Confidentiality Stipulation and Order.

Date: ______________________________

Name (Signature)

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
OFFICE OF THE CLERK

316 N. ROBERT ST., RM. 700
ST. PAUL, MN 55101

300 S. FOURTH ST., RM 202
MINNEAPOLIS, MN 55415

417 FEDERAL BLDG, 515 W. FIRST ST.
DULUTH, MN 55802

# Clerk's Notice In Re: Protective Order

---

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

*Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.
- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

***Guidelines for filing with a U.S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.