**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

**JOYCE E. LAMBERT,**

Plaintiff,

v.

**JOHN E. POTTER, in his official capacity as United States Postmaster General, and JUDITH THON,**

Defendants.

Civil No. 00-2580 (MJD/JGL)

**O R D E R**

---

APPEARANCES

Celeste E. Culberth, Esq., for Plaintiff

Friedrich Siekert, Esq., Assistant Untied States Attorney, for Defendants

---

JONATHAN LEBEDOFF, Chief United States Magistrate Judge

The above-entitled matter came on for hearing before the undersigned Chief Magistrate Judge of District Court on December 31, 2002 on Plaintiff's Motion to Compel Discovery (Doc. No. 32). The case has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

**I. INTRODUCTION**

This case arises out of an employment dispute, based on gender discrimination. Plaintiff is still employed by Defendant, but at a lower rank than that associated with her previous job. In the instant motion, Plaintiff

FILED JAN 0 2 2003
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD______
DEPUTY CLERK______

seeks an order compelling Defendants to supplement many of their discovery responses. Plaintiff also requests costs and fees associated with bringing the instant motion.

## II. DISCUSSION

The Federal Rules of Civil Procedure provide for liberal discovery. See Fed. R. Civ. P. 26(b)(1); Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978); Hickman v. Taylor, 329 U. S. 495, 501 (1947). "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . [and] reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Limited only by the broad scope of Rule 26(b), a party has the right to request any information within the "possession, custody, or control" of the party being served. Fed. R. Civ. P. 34(a).

In the instant motion, Plaintiff seeks discovery on seventeen disputed interrogatories and document requests. The Parties have addressed these disputed requests in several broad categories. The Court will address the requests using the same categories, and will depart from its usual practice of reciting each individual request, unless such recitation is necessary, or unless the Parties referred to individual requests at the motion hearing.

**A. Information Covered by the Data Privacy Act**

Several of Plaintiff's discovery requests seek information covered by the Data Privacy Act. Defendants have indicated that now that the Parties have entered into a protective order, they will fully respond to these requests. At the motion hearing, Defendants' counsel represented that Defendants are currently copying this information, and will have it Plaintiff as soon as it is compiled. The document requests covered by this production are Nos. 9, 18, 19, and 34. Defendants are complying with their discovery obligations regarding these requests, and these parts of Plaintiff's motion are denied as moot.

**B. Discovery Requests Which Require Manual File Review**

**1. Interrogatory No. 12**

Plaintiff's Interrogatory No. 12 seeks information related to employee complaints of gender discrimination at the Bulk Mail Center ("BMC") and/or the St. Paul P & DC from 1995 through May 2002. Plaintiff argues that Defendants have failed to respond to these requests in a meaningful way. Specifically, Plaintiff argues that Defendants have not provided an exclusive list of gender discrimination claims, and that Defendant failed to conduct a manual search of the files potentially responsive to these requests. In response to Interrogatory No. 12, Defendants have provided a list which contains discrimination claims based on many factors, not just gender.

Defendants respond that they have complied by providing the aforementioned list. Defendants argue that Plaintiff's request is overbroad in time, and should be limited to the time period ending in May 1999, the date when Plaintiff ceased working in the departments at issue. In addition, Defendants assert that although they included information related to the BMC, such information is irrelevant because Plaintiff never worked at the BMC.

Plaintiff would like Defendant to manually check the files included on its list, and provide the names of the cases which contain specific allegations of gender discrimination. At the motion hearing, Plaintiff's counsel represented that she would search the files herself, if Defendants would make them available. The Court finds this a generous offer. Furthermore, the Court finds that this is the very search Defendants should have conducted in the first place. Providing too much information in response to a discovery request is as detrimental as providing too little information. By producing a list that includes many admittedly irrelevant cases, Defendants have failed to comply with their discovery obligations. Therefore, Defendants must either conduct a manual search of the files on the list and provide Plaintiff the information she seeks regarding gender discrimination complaints, or Defendants must make the files available to Plaintiff's Counsel for her to manually search. In any event, this search must completed within thirty days of this Order.

In addition, the Court finds that information related to the time period from May 1999 to May 2002 is relevant and discoverable. The Eighth Circuit recently addressed this issue and held that in hostile work environment cases, the Court must consider not only the actions of alleged harassers, but also an employer's failure to take corrective action regarding harassment. See Jensen v. Henderson, No. 01-2921, 2002 WL31748850 at **4-5 (8th Cir. Dec. 10, 2002). The Court reasoned that in such cases "[t]he matter alleged to be discriminatory is the adequacy of the Postal Service's response, not [Plaintiff's] co-workers underlying behavior." Id. at *5; see also National RR Passenger Corp. v. Morgan, 122 S. Ct. 2061, 2074 (2002) (holding that the act upon which one sues need not be the last act, and that "an unlawful employment practice has 'occurred,' even if it is still occurring"). Plaintiff's complaint contains claims of inadequate employer response. (Doc. No. 17.) Defendants must produce information regarding the time period ending in May 2002.

Notwithstanding the above, the Court finds that information related solely to the BMC is not relevant to this case. The fact that Mr. Vierling, the person who eventually became Plaintiff's supervisor, used to work at the BMC is unavailing. Therefore, Defendants need not search files related solely to cases involving the BMC.

Therefore, this part of Plaintiff's motion is granted in part, and denied in part. Defendants must provide amended interrogatory answers within thirty days of this Order.

**2. <u>Interrogatory No. 13</u>**

Plaintiff's Interrogatory No. 13 requests information related to the nature of complaints filed against Defendants, the individuals involved, and the Defendants' responses to those complaints. Defendants object to this interrogatory on the bases of relevancy, burdensomeness, and vagueness. Defendants assert that there are approximately 100 files which are responsive to this request. (Pl. Mem. Supp. Mot. Compel at 3.)

As discussed above, the Court agrees with Defendants that information related solely to the BMC is not relevant to this case. (Def. Mem. Opp. Pl. Mot. Compel at 16.) Therefore, Defendant need not produce information related solely to the BMC. This part of Plaintiff's motion is denied.

Regarding Defendants' burdensome argument, the Court does not find a manual search of 100 files to be overly burdensome. Defendant must conduct this manual search, or take Plaintiff up on her offer to conduct the search herself.

Defendants' vagueness objections are likewise without merit. If a complaint did not "lead to any required action on the part of the Postal Service" (Def. Mem. Opp. Pl. Mot. Compel at 16), Defendants can simply indicate that in

their answer. Defendants' "response" need not have been an employment action. Defendants need only tell Plaintiff "whatever management action it deemed required to solve any problem perceived as a result of any individual complaint." (Id.) Therefore, this part of Plaintiff's motion is granted as to information not exclusively related to the BMC. Defendants must provide amended interrogatory answers within thirty days of this Order.

**C. Sworn Testimony of Judith Thon and Tim Vierling**

Defendants indicate that now that a protective order has been signed, they will produce all documents responsive to these requests. However, Defendants object to manually searching all their EEO files to determine if there might be other affidavits and sworn statements from matters Thon and Vierling cannot currently recall.

The Court agrees with Defendants that a search of "all its EEO files" (Def. Mem. Opp. Pl. Mot. Compel at 8) would be overly burdensome. Therefore, Defendants need only supply the sworn statements which they currently contemplate. However, Defendants are reminded of their continuing obligation to supplement discovery responses as new information becomes available. In addition, Defendants must provide sworn affidavits from Vierling and Thon stating that they conducted searches of their own files, and that the information produced is all the responsive information of which they are aware. These affidavits should provide Plaintiff with some security that she is receiving

all the responsive information in Defendants' possession. Therefore, this part of Plaintiff's motion is granted in part and denied in part. Defendants must produce this information within thirty days of this Order.

**D. Doc. Req. No. 12 - Work Place Climate/ Violence Reports**

At the motion hearing, Defendants represented that they have produced all responsive documents in their possession. Defendants also represented that they will produce the two work place/climate reports Plaintiff requested in her motion papers. However, Defendant did not produce documents dated after 1999.

Defendants object to producing information relating to workplace violence. Defendants state that such information is not relevant to the instant case. The Court agrees. Plaintiff's complaint does not mention violence. (Doc. No. 17.) At the motion hearing, Plaintiff represented that violence reports are relevant as a measure for potential hostility. The Court disagrees. The argument is too attenuated.

Nonetheless, Plaintiff is entitled to the work place climate reports for the time period from 1995 to May 2002. Therefore, this part of Plaintiff's motion is granted in part, and denied in part. Defendants must produce responsive documents within thirty days of this Order.

**E. Doc. Req. No. 13 - Employee Surveys**

Defendants did not address the employee surveys at the motion hearing. However, in their opposition papers, they stated that information related to the time period after May 1999 was not relevant. As discussed above, this information is relevant, and Defendants must produce surveys from FY 2000, FY 2001, and FY 2002. Defendants state that they have no surveys for years prior to 1999. The Court accepts this statement as true. See Onwuka v. Fed. Express Corp., 178 F.R.D. 508, 514 n.2 (D. Minn. 1997) (citations omitted). Accordingly, this part of Plaintiff's motion is granted in part, and denied in part. Defendants must produce responsive documents within thirty days of this Order.

**F. Doc. Req. No. 20 - Thon Electronic Communications**

Plaintiff seeks all electronic documents created by Thon, on behalf of Thon, and received by Thon from January 1998 through May 2002. Defendants originally responded to this request by providing information related only to Plaintiff. However, Plaintiff's request is broader than that. Plaintiff asserts that it would be an easy thing for Defendants' "computer guru" to retrieve this information from Defendants' hard drive and transfer the information to discs for Plaintiff to review.

Defendants respond that it may not be as easy for them to retrieve the desired information as Plaintiff suggests. Defendants originally proffered

objections based on relevance, burdensomeness, ambiguity, vagueness, and overbreadth. However, at the motion hearing and in their opposition papers, Defendants focused on their burdensome objection.

The Court believes Defendants' counsel when he states that Ms. Thon receives thousands of e-mails per month, and that she deletes these e-mails within days, at most. Defendants' Counsel represented to the Court that Thon is currently investigating her ability to reconstruct and retrieve her old e-mail files. Defendants will provide any responsive information as soon as they get it. The Court is satisfied that Defendants are doing all they can to comply with this document request. Therefore, this part of Plaintiff's motion is granted as to the files Defendants are able to reconstruct and retrieve. Defendants must provide responsive documents within thirty days of this Order.

**G. <u>Doc. Req. 31</u>**

At the motion hearing, the Parties indicated that this part of Plaintiff's motion is now moot.

**H. <u>Destroyed Documents</u>**

Plaintiff addressed Doc. Req. Nos. 29, 30, 31, and 32 together, and stated that Defendants' responses were deficient because they indicate that certain documents do not currently exist, but were destroyed in the ordinary

course of business.[1] In her motion papers, Plaintiff states that "if [relevant] documents have been destroyed, the Plaintiff has the right to know the details. If, however, the documents have not been destroyed, then the Defendants must obtain the documents and produce them."

Defendants state that they have provided all responsive information within their custody and control. Defendants have also explained that certain documents were destroyed within the ordinary course of business. (Def. Mem. Opp. Pl. Mot. Compel at 11-13; Representations at Dec. 31, 2002 hearing). However, Plaintiff requests detailed information regrading the destruction, such as the name of the person who destroyed the documents, the date of the destruction, the date the document was created, the subject matter and content of the document, and each person known to have seen the document. (Pl. Mem. Supp. Mot. Compel at 11.)

The Court finds that Defendant has not attempted to provide such details regarding the destruction of requested documents. The Court realizes that since this destruction was done in the ordinary course of business, certain details may not be available for every document. However, Defendants must attempt to provide the requested information within thirty days of this Order.

---

[1]In her motion papers, Plaintiff also raised issues regarding the format of Defendants' document production in response to Doc. Req. Nos. 30 and 31. (Pl. Mem. Supp. Mot. Compel at 9.) Since Plaintiff's Counsel did not address these responses at the motion hearing, the Court assumes that they are no longer at issue.

In so ordering, the Court is not reaching the issue of whether Defendants' document destruction was proper. That issue is not before this Court.

At this point, the Court is convinced that Defendants have fully complied with their discovery obligations by providing all relevant information within their control. However, the Court is also convinced that Plaintiff is entitled to information regarding the destruction of potentially relevant documents. Therefore, this part of Plaintiff's motion is granted in part and denied in part. Defendants must provide information regarding the destroyed documents within thirty days of this Order.

**I. <u>Doc. Req. No. 35</u>**

Plaintiff takes issue with Defendants' current representation that they have no documents responsive to this request. Plaintiff argues that Defendants originally objected to this request on the basis of privilege, and that if privileged documents exist, then Defendants are disingenuous when they state they have no responsive documents. At the motion hearing, Defendants' Counsel represented that the original privilege objection was proffered merely as a precaution, should privileged documents be found. However, Defendants state that a search has produced no responsive documents, privileged or not. The Court is convinced that Defendants' representations are true. Therefore, Defendants have fully responded to this request, and this part of Plaintiff's motion is denied.

**J. Defendants' Privilege Log**

Plaintiff argues that Defendants have proffered various objections based on privilege, but have not provided a privilege log to support these objections. At the motion hearing, Defendants' Counsel stated that he routinely proffers privilege objections so as to preserve the objection should privileged documents be discovered. In this case, Defendants have found very few privileged documents. Defendants have promised to provide a privilege log for the few documents they contend are protected. This log must be provided within thirty days of this Order.

**K. Plaintiff's Request for Costs and Fees**

Plaintiff's request for costs and fees associated with bringing the instant motion is denied.

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

(1) Plaintiff's Motion to Compel Discovery (Doc. No. 32) is **GRANTED IN PART**, **DENIED IN PART**, and **DENIED AS MOOT IN PART** as set forth fully in the body of this Order; and

(2) Defendants must comply with this Order and respond to any outstanding discovery requests by February 3, 2003.

Dated: January 2, 2003

JONATHAN LEBEDOFF
Chief United States Magistrate Judge