UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

Joyce E. Lambert,

Plaintiff,

v.

John E. Potter,
United States Postmaster General,

Defendant.

Civil File No. 00-2580 MJD/JSM

**PROPOSED JURY INSTRUCTIONS**

---

**JOINT SUBMISSIONS**

**Joint Proposed Instruction No. 1**

COURT JURY INSTRUCTION NO.

I have mentioned the word "evidence." "Evidence" includes the testimony of witnesses; documents and other things received as exhibits; any facts that have been stipulated--that is, formally agreed to by the parties; and any facts that have been judicially noticed--that is facts which I say you must accept as true.

Certain things are not evidence. I will list those things for you now:

1. Statements, arguments, questions and comments by lawyers are not evidence.

2. Exhibits that are identified by a party but not offered or received in evidence are not evidence.

3. Objections are not evidence. Lawyers have a right and sometimes an obligation to

object when they believe something is improper. You should not be influenced by the objection. If I sustain an objection to a question or an exhibit, you must ignore the question or the exhibit and must not try to guess what the information might have been.

4. Testimony and exhibits that I strike from the record, or tell you to disregard, are not evidence and must not be considered.

5. Anything you see or hear about this case outside the courtroom is not evidence, unless I specifically tell you otherwise during the trial.

Furthermore, a particular item of evidence is sometimes received for a limited purpose only. That is, it can be used by you only for one particular purpose, and not for any other purpose. I will tell you when that occurs, and instruct you on the purposes for which the item can and cannot be used. You should also pay particularly close attention to such an instruction, because it may not be available to you in writing later in the jury room.

Some of you may have heard the terms "direct evidence" and "circumstantial evidence." You are instructed that you should not be concerned with those terms, since the law makes no distinction between the weight to be given to direct and circumstantial evidence.

You are to consider only the evidence in the case. But in your consideration of the evidence, you are not limited to the bald statements of the witnesses. In other words, you are not limited solely to what you see and hear as the witnesses testified. You are permitted to draw, from the facts which you find have been proved, such reasonable inferences as you feel are justified in the light of your experience.

At the end of the trial you will have to make your decision based on what you recall of the evidence. You will not have a written transcript to consult, and it is difficult and time consuming for the reporter to read back lengthy testimony. I urge you to pay close attention to the testimony as it is given.

**Authority:**

8TH CIR. CIVIL JURY INSTR §1.02 (2001); Last 2 paragraphs from Devitt, Blackmar and Wolff, Federal Jury Practice and Instructions, § 70.03

**Joint Proposed Instruction No. 2**

COURT JURY INSTRUCTION NO.

During the trial it may be necessary for me to speak with the lawyers out of your hearing, either by having a bench conference here while you are present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is to decide how certain evidence is to be treated under the rules of evidence which govern the trial, and to avoid confusion and error. We will, of course, do what we can to keep the number and length of these conferences to a minimum.

**Authority:**

8TH CIR. CIVIL JURY INSTR §1.03 (2001)

**Joint Proposed Instruction No. 3**

COURT JURY INSTRUCTION NO.

This court does not permit jurors to ask questions of witnesses or of the attorneys. Therefore please do not interrupt the lawyers during their examination of witnesses or otherwise. If, however, you are unable to hear a witness or a lawyer please raise your hand and the court will see that the situation is corrected.

**Authority:**

Devitt, Blackmar and Wolff, Federal Jury Practice and Instructions, §70.11

**Joint Proposed Instruction No. 4**

COURT JURY INSTRUCTION NO. __

**CONDUCT OF THE JURY**

Finally, to insure fairness, you as jurors must obey the following rules:

First, do not talk among yourselves about this case, or about anyone involved with it, until the end of the case when you go to the jury room to decide on your verdict.

Second, do not talk with anyone else about this case, or about anyone involved with it, until the trial has ended and you have been discharged as jurors.

Third, when you are outside the courtroom, do not let anyone tell you anything about the case, or about anyone involved with it until the trial has ended and your verdict has been accepted by me. If someone should try to talk to you about the case during the trial, please report it to me.

Fourth, during the trial you should not talk with or speak to any of the parties, lawyers or witnesses involved in this case - you should not even pass the time of day with any of them. It is important not only that you do justice in this case, but that you also give the appearance of doing justice. If a person from one side of the lawsuit sees you talking to a person from the other side - even if it is simply to pass the time of day - an unwarranted and unnecessary suspicion about your fairness might be aroused. If any lawyer, party or witness does not speak to you when you pass in the hall, ride the elevator or the like, remember it is because they are not supposed to talk or visit with you either.

Fifth, do not read any news stories or articles about the case, or about anyone involved with it, or listen to any radio or television reports about the case or about anyone involved with it. In fact, until the trial is over I suggest that you avoid reading any newspapers or news journals at all, and avoid listening to any TV or radio newscasts at all. I do not know whether

there might be any news reports of this case, but if there are, you might inadvertently find yourself reading or listening to something before you could do anything about it. If you want, you can have your spouse or a friend clip out any stories and set them aside to give you after the trial is over. I can assure you, however, that by the time you have heard the evidence in this case, you will know more about the matter than anyone will learn through the news media.

Sixth, do not do any research or make any investigation about the case on your own.

Seventh, do not make up your mind during the trial about what the verdict should be. Keep an open mind until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence.

**Authority:**

8TH CIR. CIVIL JURY INSTR. 1.05 (2001)

**Joint Proposed Instruction No. 5**

COURT JURY INSTRUCTION NO.

The trial will proceed in the following manner:

First, the plaintiff's attorney may make an opening statement. Next, the defendant’s attorney may make an opening statement. An opening statement is not evidence but is simply a summary of what the attorney expects the evidence to be.

The plaintiff will then present evidence and counsel for defendant may cross-examine. Following the plaintiff case, the defendant may present evidence and plaintiff's counsel may cross-examine.

After presentation of evidence is completed, the attorneys will make their closing arguments to summarize and interpret the evidence for you. As with opening statements, closing arguments are not evidence. The court will instruct you further on the law. After that you will retire to deliberate on your verdict.

**Authority:**

8TH CIR. CIVIL JURY INSTR §1.06 (2001)

**Joint Proposed Instruction No. 6**

COURT JURY INSTRUCTION NO.

We are about to take a recess and I remind you of the instruction I gave you earlier. During this recess or any other recess, you must not discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else. If anyone tries to talk to you about the case, please let me know about it immediately. Do not read, watch or listen to any news reports of the trial. Finally, keep an open mind until all the evidence has been received and you have heard the views of your fellow jurors.

I may not repeat these things to you before every recess, but keep them in mind throughout the trial.

**Authority:**

8TH CIR. CIVIL JURY INSTR §2.01 (2001)

**Joint Proposed Instruction No. 7**

COURT JURY INSTRUCTION NO.

**TRANSCRIPT OF TAPE-RECORDED CONVERSATION**

As you have [also] heard, there is a typewritten transcript of the tape recording [I just mentioned] [you are about to hear]. That transcript also undertakes to identify the speakers engaged in the conversation.

You are permitted to have the transcript for the limited purpose of helping you follow the conversation as you listen to the tape recording, and also to help you identify the speakers. The tape recording is evidence for you to consider. The transcript, however, is not evidence.

You are specifically instructed that whether the transcript correctly or incorrectly reflects the conversation or the identity of the speakers is entirely for you to decide based upon what you have heard here about the preparation of the transcript, and upon your own examination of the transcript in relation to what you hear on the tape recording. The tape recording itself is the primary evidence of its own contents. If you decide that the transcript is in any respect incorrect or unreliable, you should disregard it to that extent.

Differences between what you hear in the recording and read in the transcript may be caused by such things as the inflection in a speaker's voice, or by inaccuracies in the transcript. You should, therefore, rely on what you hear rather than what you read when there is a difference.

**Authority:** 8TH CIR. CIVIL JURY INSTR. 2.05 (2001).

**Joint Proposed Instruction No. 8**

COURT JURY INSTRUCTION NO.

You are not bound to decide any issue of fact in accordance with the testimony of any number of witnesses which does not produce in your minds belief in the likelihood of truth, as against the testimony of a lesser number of witnesses or other evidence which does produce such belief in your minds.

The test is not which side brings the greater number of witnesses, or presents the greater quantity of evidence; but which witness, and which evidence, appeals to your minds as being most accurate, and otherwise trustworthy.

**Authority:**

Devitt, Blackmar and Wolff, Federal Jury Practice and Instructions, § 72.13.

**Joint Proposed Instruction No. 9**

COURT JURY INSTRUCTION NO.

The testimony of a single witness which produces in your minds belief in the likelihood of truth is sufficient for the proof of any fact, and would justify a verdict in accordance with such testimony, even though a number of witnesses may have testified to the contrary, if, after consideration of all the evidence in the case, you hold greater belief in the accuracy and reliability of the one witness.

**Authority:**

Devitt, Blackmar and Wolff, Federal Jury Practice and Instructions, § 72.14.

**Joint Proposed Instruction No. 10**

COURT JURY INSTRUCTION NO. __

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters at issue in this trial. Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

**Authority:**

Devitt, Blackmar and Wolff (4th ed.) § 73.11

**Joint Proposed Instruction No. 11**

COURT JURY INSTRUCTION NO. __

Conduct is “unwelcome" if plaintiff did not solicit or invite the conduct and regarded the conduct as undesirable or offensive.

**Authority:**

Moylan v. Maries County, 792 F.2d 746, 749 (8th Cir. 1986).

**Joint Proposed Instruction No. 12**

COURT JURY INSTRUCTION NO.

If you find in favor of plaintiff under Instruction ____ and if you answer "no" in response to Instruction ____ , but you find that plaintiff's damages have no monetary value, then you must return a verdict for plaintiff in the nominal amount of One Dollar ($1.00).

**Authority:**

8TH CIR. CIVIL JURY INSTR §5.03 (2001)

**Joint Proposed Instruction No. 13**

COURT JURY INSTRUCTION NO.

In conducting your deliberations and returning your verdict, there are certain rules you must follow.

*First*, when you go to the jury room, you must select one of your members as your foreperson. That person will preside over your discussions and speak for you here in court.

*Second*, it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement if you can do so without violence to individual judgment, because a verdict must be unanimous.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or simply to reach a verdict. Remember at all times that you are not partisans. You are judges--judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

*Third*, if you need to communicate with me during your deliberations, you may send a note to me through the marshal or bailiff, signed by one or more jurors. I will respond as soon as possible either in writing or orally in open court. Remember that you should not tell anyone--including me--how your votes stand numerically.

*Fourth*, your verdict must be based solely on the evidence and on the law which I have given to you in my instructions. The verdict must be unanimous. Nothing I have said or done is intended to suggest what your verdict should be--that is entirely for you to decide.

*Finally*, the verdict form is simply the written notice of the decision that you reach in this

case. The form reads:

(read form)].

You will take this form to the jury room. When each of you has agreed on the verdict[s], your foreperson will fill in the form, sign and date it, and advise the marshal or bailiff that you are ready to return to the courtroom.

If more than one form was furnished, you will bring the unused forms in with you.

**Authority:**

8TH CIR. CIVIL JURY INSTR §3.06 (2001)

**PLAINTIFF PROPOSED JURY INSTRUCTIONS**

Plaintiff requests that the court submit the following instructions to the jury at the time specifies by the instruction and the accompanying Special Verdict Form when the case is submitted to the jury.

## I. INTRODUCTION

Because these Instructions and Special Verdict Questions are being submitted in advance of (1) the pre – trial conference; (2) the Court's rulings on certain motions of limine; (3) the presentation by plaintiff of her evidence; (4) the presentation by defendant of rebuttal evidence; and (5) receiving the defendant's pretrial submissions, plaintiff reserves the right to modify these Instructions and Special Verdict Questions.

## II. FIRST SET OF SUBMISSIONS

The first set of Plaintiff's Instructions and Special Verdict Form is attached hereto.

Respectfully Submitted

Dated: July 19, 2004

By: s/Celeste E. Culberth______________________
CULBERTH, LIENEMANN & STRATTON, LLP
Celeste E. Culberth (#228187)
Leslie L. Lienemann (#230194)
1050 Piper Jaffray Plaza
444 Cedar Street
St. Paul, Minnesota 55101
Telephone: 651/290-9300

ATTORNEYS FOR PLAINTIFF

**Plaintiff's Proposed Instruction No. 1**

INSTRUCTION NO. __

**GENERAL: NATURE OF CASE; BURDEN OF PROOF;**

**DUTY OF JURY; CAUTIONARY**

Ladies and gentlemen: I will take a few moments now to give you some initial instructions about this case and about your duties as jurors. At the end of the trial I will give you further instructions. I may also give you instructions during the trial. Unless I specifically tell you otherwise, all such instructions - both those I give you now and those I give you later - are equally binding on you and must be followed.

This is a civil case brought by the plaintiff Joyce Lambert against the defendant United States Postal Service. The plaintiff alleges that the defendant discriminated against her based upon her gender, maintained a sexually hostile work environment, and retaliated against her for making a discrimination claim to the Equal Employment Opportunity office and objecting to discrimination. The defendant denies those allegations. It will be your duty to decide from the evidence whether the plaintiff is entitled to a verdict against defendant. From the evidence you will decide what the facts are. You are entitled to consider that evidence in the light of your own observations and experiences in the affairs of life. You will then apply those facts to the law which I give you in these and in my other instructions, and in that way reach your verdict. You are the sole judges of the facts; but you must follow the law as stated in my instructions, whether you agree with it or not.

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness says, or only part of it, or none of it.

In deciding what testimony to believe, consider the witnesses' intelligence, their

opportunity to have seen or heard the things they testify about, their memories, any motives they may have for testifying a certain way, their manner while testifying, whether they said something different at an earlier time, the general reasonableness of their testimony and the extent to which their testimony is consistent with other evidence that you believe.

Do not allow sympathy or prejudice to influence you. The law demands of you a just verdict, unaffected by anything except the evidence, your common sense, and the law as I give it to you.

You should not take anything I may say or do during the trial as indicating what I think of the evidence or what I think your verdict should be.

**Authority:**

8TH CIR. CIVIL JURY INSTR. 1.01 (2001) (modified by statement of the issues)

**Plaintiff's Proposed Instruction No. 4**

INSTRUCTION NO. __

**NO TRANSCRIPT AVAILABLE [NOTE-TAKING]**

At the end of the trial you must make your decision based on what you recall of the evidence. You will not have a written transcript to consult, and it may not be practical for the court reporter to read back lengthy testimony. You must pay close attention to the testimony as it is given.

If you wish, however, you may take notes to help you remember what witnesses said. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. And do not let note-taking distract you so that you do not hear other answers by the witness. The Clerk will provide each of you with a pad of paper and a pen or pencil. At each recess, leave them in your seat.

When you leave at night, your notes will be secured and not read by anyone.

**Authority:**

8TH CIR. CIVIL JURY INSTR. 1.04 (2001).

**Plaintiff's Proposed Instruction No. 9**

INSTRUCTION NO. __

**EXPLANATORY**

Members of the jury, the instructions I gave at the beginning of the trial and during the trial remain in effect. I now give you some additional instructions.

You must, of course, continue to follow the instructions I gave you earlier, as well as those I give you now. You must not single out some instructions and ignore others, because all are important.

The instructions I am about to give you now as well as those I gave you earlier are in writing and will be available to you in the jury room.

**Authority:**

8TH CIR. CIVIL JURY INSTR. 3.01 (2001).

**Plaintiff's Proposed Instruction No. 10**

INSTRUCTION NO. __

**JUDGE'S OPINION**

Neither in these instructions nor in any ruling, action or remark that I have made during the course of this trial have I intended to give any opinion or suggestion as to what your verdict[s] should be.

[During this trial I have occasionally asked questions of witnesses. Do not assume that because I asked questions I hold any opinion on the matters to which my questions related.]

**Authority:**

8TH CIR. CIVIL JURY INSTR. 3.02 (2001).

**Plaintiff's Proposed Instruction No. 11**

INSTRUCTION NO. __

**CREDIBILITY OF WITNESSES**

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

In deciding what testimony to believe, you may consider a witness' intelligence, the opportunity a witness had to see or hear the things testified about, a witness' memory, any motives a witness may have for testifying a certain way, the manner of a witness while testifying, whether a witness said something different at an earlier time, the general reasonableness of the testimony, and the extent to which the testimony is consistent with any evidence that you believe.

In deciding whether or not to believe a witness, keep in mind that people sometimes hear or see things differently and sometimes forget things. You need to consider therefore whether a contradiction is an innocent misrecollection or lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or only a small detail.

**Authority:**

8TH CIR. CIVIL JURY INSTR. 3.03 (2001)

**Plaintiff's Proposed Instruction No. 12**

INSTRUCTION NO. __

**BURDEN OF PROOF**

In these instructions you are told that your verdict depends on whether you find certain facts have been proved. The burden of proving a fact is upon the party whose claim or defense depends upon that fact. The party who has the burden of proving a fact must prove it by the greater weight of the evidence. To prove something by the greater weight of the evidence is to prove that it is more likely true than not true. It is determined by considering all of the evidence and deciding which evidence is more believable.

The greater weight of the evidence is not necessarily determined by the greater number of witnesses or exhibits a party has presented.

You may have heard of the term "proof beyond a reasonable doubt." That is a stricter standard which applies in criminal cases. It does not apply in civil cases such as this. You should, therefore, put it out of your minds.

**Authority:**

8TH CIR. CIVIL JURY INSTR. 3.04 (2001)

**Plaintiff's Proposed Instruction No. 13**

INSTRUCTION NO. __

You are to consider only the evidence in the case. But in your consideration of the evidence you are not limited to the bald statements of the witnesses. In other words, you are not limited to what you see and hear as the witnesses testify. You are permitted to draw, from facts which you find have been proved, such reasonable inferences as seem justified in the light of your experience.

Inferences are deductions or conclusions which reason and common sense lead the jury to draw from facts which have been established by the evidence in the case.

**Authority:**

Devitt, Blackmar and Wolff (4th ed.) § 72.04 (modified)

**Plaintiff's Proposed Instruction No. 15**

INSTRUCTION NO. __

In this case, plaintiff Joyce Lambert sued the United States Postal Service for discrimination, sexual harassment and retaliation in violation of federal law. Defendant denies the allegations.

**Plaintiff's Proposed Instruction 15a**

INSTRUCTION NO. __

Defendant USPS may act only through natural persons as its agents or employees and in general any agent or employee of USPS may bind USPS by his/her acts and declarations made while acting in the scope of his/her authority delegated to him/her by USPS or while within the scope of his/her duties as an employee of the USPS.

**Authority:**

Warren v. Prejean, 301 F.3d 893 (8th Cir. 2002)

**Plaintiff's Proposed Instruction No. 16**

INSTRUCTION NO. __

Sexual harassment can include conduct by supervisors, by co-workers, by subordinates or by any combination of the three. Because the law imposes different duties on an employer if the harassment was caused by a supervisor, you must first determine if the alleged harasser was a supervisor of plaintiff.

A supervisor is a person who has the authority to affect the terms and conditions of plaintiff's employment. This authority primarily consists of the power to hire, fire, demote, promote, transfer, or discipline the plaintiff.

**Authority:**

Faragher v. City of Boca Raton, 524 U.S. 775 (1998); Burlington Industr. Inc. v. Ellerth, 524 U.S. 724 (1998).

**Plaintiff's Proposed Instruction No. 17**

INSTRUCTION NO. __

In order to find that plaintiff was subjected to sexual harassment, you must find that plaintiff was subjected to offensive sexual actions and/or touching and offensive and/or sexual gestures, jokes and comments, and that this conduct was unwelcome.

**Conduct by Supervisors:**

If you find that a supervisor subjected plaintiff to such conduct, you must determine whether plaintiff also demonstrated by the greater weight of the evidence that her employer took one or more of the following actions:

- issued plaintiff an unacceptable merit evaluation
- demoted her in pay and/or position
- created a working environment so intolerable to her that her demotion was a reasonably foreseeable result

and that her objection to the offensive conduct by the supervisor played a part in her employer's decision to take one or more of these actions.

If each of the above elements has been proved by the greater weight of the evidence, your verdict must be for plaintiff.

If you find that the employer did not take one or more of these actions because of her objection to the offensive conduct, your verdict must be for plaintiff unless the employer has proved by the greater weight of the evidence that:

1. the employer exercised reasonable care to prevent and correct promptly any sexually harassing behavior and

2. that plaintiff unreasonably failed to take advantage of

the employer's sexual harassment policy.

**Conduct by Coworkers**

If you find a coworker or coworkers subjected plaintiff to unwelcome sexual conduct, you must determine whether plaintiff/has also demonstrated by the greater weight of the evidence that:

1. the conduct was sufficiently severe and pervasive that a reasonable person in plaintiff's position would find plaintiff's work environment to be hostile or abusive, and

2. at the time the conduct occurred and as a result of such conduct, plaintiff believed her work environment to be hostile or abusive, and

3. the defendant-employer knew or should have known of the offensive sexual actions and touching and offensive sexual gestures, jokes and comments, and

4. the defendant-employer failed to take prompt and appropriate corrective action to end the harassment.

If each of the above elements has been proved by the greater weight of the evidence, your verdict must be for plaintiff.

**Authority:**

5.41, 5.42, 5.42(A), 5.43 Manual of Model Civil Jury Instructions for the District Courts of the Eighth Circuit (2001) (modified).

**Plaintiff's Proposed Instruction No. 18**

INSTRUCTION NO. __

In determining whether an environment is "hostile" or "abusive," you must consider all the circumstances, including but not limited to the following factors:

1. The frequency of the discriminatory conduct,

2. The severity of the conduct,

3. Whether the conduct was physically threatening or humiliating or a mere offensive utterance,

4. Whether the conduct unreasonably interfered with an employee's work performance,

5. Whether the conduct affected the employee's psychological well-being,

6. Whether the conduct detracted from employees' job performance,

7. Whether the conduct discouraged employees from remaining on the job and

8. Whether the conduct kept employees from advancing their careers.

No one factor is required.

Mere incivility does not constitute a hostile work environment.

**Authority:**

Harris v. Forklift Sys., Inc., 510 U.S. 17, 22-23 (1993).

**Plaintiff's Proposed Instruction No. 20**

INSTRUCTION NO. __

As mentioned, plaintiff also claims that defendants intentionally discriminated against her based on her sex. Although plaintiff must show that defendants intentionally discriminated against her in her employment, plaintiff is not required to produce direct evidence of discrimination. A defendant's discriminatory employment policies and practices with respect to women may be evidence of intentional discrimination. In addition, an inference of sex discrimination can be made from conflicts and inconsistencies in the evidence produced by defendants.

**Authority:**

Patchell v. Red Appeal Enters, Ltd., 921 F.2d 157 (8~h Cir. 1990) (conflicts and inconsistencies in the testimony can support an inference of discrimination); Hawkins v. Hennepin Tech. Ctr., 900 F.2d 153 (8th Cir. 1990) (evidence of general atmosphere can provide circumstantial evidence of discrimination).

**Plaintiff's Proposed Instruction No. 21**

INSTRUCTION NO. __

**TITLE VII - DISPARATE TREATMENT - ESSENTIAL ELEMENTS**

Your verdict must be for plaintiff on plaintiff's gender discrimination claim if all the following elements have been proved by the greater weight of the evidence:

*First*, defendant issued plaintiff an unacceptable merit evaluation; and

*Second*, plaintiff's gender played a part in defendant's decision.

If either of the above elements has not been proved by the greater weight of the evidence, your verdict must be for defendant and you need not proceed further in considering this claim.

**Authority:**

8TH CIR. CIVIL JURY INSTR.5.01 (June 4, 2004 Proposed Changes)

**Plaintiff's Proposed Instruction No. 22**

INSTRUCTION NO. __

**5.95 PRETEXT INSTRUCTION**

You may find that plaintiff's gender played a part in defendant's decisions if it has been proved by the greater weight of the evidence that defendant's stated reasons for its decisions are not the true reasons, but are a "pretext" to hide gender discrimination.

**Authority:**

5.95 Manual of Model Civil Jury Instructions For the District Courts of the Eighth Circuit (1999).

**Plaintiff's Proposed Instruction No. 23**

COURT JURY INSTRUCTION NO. __

**TITLE VII - DISPARATE TREATMENT -**

**"SAME DECISION" INSTRUCTION**

If you find in favor of plaintiff under instruction __, then you must answer the following question in the verdict form: Has defendant proved by the greater weight of the evidence that defendant would have issued plaintiff an unacceptable merit evaluation regardless of her gender?

(Note: if you answer this question "yes," plaintiff is not entitled to recover any damages although the court may grant plaintiff other relief. If you answer the question "no," plaintiff will receive any damages you assess pursuant to Instruction No. __)

**Authority:**

8TH CIR. CIVIL JURY INSTR.5.01A (June 4, 2004 Proposed Changes)

**Plaintiff's Proposed Instruction No. 24**

INSTRUCTION NO. __

**RETALIATION FOR PARTICIPATION IN**

**PROCEEDINGS UNDER EMPLOYMENT STATUTES**

Your verdict must be for the plaintiff and against the defendant on the plaintiff's retaliation claim if all the following elements have been proved by the greater weight of the evidence:

*First*, plaintiff filed an EEO complaint alleging gender discrimination and

*Second*, defendant took one or more of the following actions:

(1) issued plaintiff an unacceptable merit evaluation

and/or (2) made plaintiff's working conditions so intolerable that plaintiff's demotion was a reasonably foreseeable result of the defendant's actions

*Third*, plaintiff's complaint played a part in motivating defendant to take one or both of these actions.

**Authority:**

8TH CIR. CIVIL JURY INSTR. 5.61 and 5.93 (2001) (Modified); Warren v. Prejean, 301 F.3d 893 (8th Cir. 2002); *Fenney v. Dakota, Minnesota & Railroad Company,* 327 F.3d 707 (8th Cir. 2003); Barrett v. Omaha National Bank, 726 F.2d 424, 428 (8th Cir. 1984) ("[a]n employee is constructively discharged when he or she involuntarily resigns to escape intolerable and illegal employment requirements"); Hukkanen v. International Union of Operating Engineers, Hoisting & Portable Local No.101, 3 F.3d 281, 285 (8th Cir. 1993).

**Plaintiff's Proposed Instruction No. 25**

**PLAINTIFF'S PROPOSED INSTRUCTION NO. _____**

**No Need to Prevail on Gender Discrimination or Harassment Claim**

It is not necessary that Plaintiff prevail on her sex discrimination or harassment claims to prove that she was retaliated against. Therefore your determination on Plaintiff's gender discrimination and harassment claims should not affect your determination of her retaliation claim.

**Authorities:**

Wentz v. Maryland Casualty Co., 869 F.2d. 1153 (8th Cir. 1989)

**Plaintiff's Proposed Instruction No. 26**

INSTRUCTION NO. __

If you find in favor of plaintiff, then you may award plaintiff such sum as you find by the greater weight of the evidence will fairly and justly compensate plaintiff for any damages you find plaintiff sustained as a direct result of the defendants' conduct. Plaintiff's claim for damages includes several distinct types of damages. You must consider them separately and enter separate amounts for each type of damages in the verdict form and must not include the same items in more than one category:

First, you must determine the amount of any wages and benefits plaintiff would have earned in her employment with defendants if she had not left that employment, through the date of your verdict, minus the amount of earnings and benefits plaintiff received from other employment during that time.

Second, you must determine the amount of any other damages sustained by plaintiff relating to pain, suffering, and emotional distress. An award of mental anguish, pain and suffering damages may be based on plaintiff's subjective testimony alone and does not have to be severe or accompanied by physical injury.

You are also instructed that plaintiff has a duty under the law to mitigate her damages - that is, to exercise reasonable diligence under the circumstances to minimize her damages. Therefore, if you find by the greater weight of the evidence that plaintiff failed to seek out or take advantage of an opportunity that was reasonably available to her, you must reduce her damages by the amount she reasonably could have avoided if she had sought out or taken advantage of such an opportunity.

Remember, throughout your deliberations, you must not engage in any speculation, guess, or conjecture and you must not award damages under this Instruction by way of

punishment or because of sympathy.

**Authorities:**

8th Cir. 5.02 (modified); Kramer v. Logan City Sch. Dist., 157 F.3d 620, 626 (8th Cir. 1998) (defining front pay as "an equitable remedy, which the district court in its discretion may award under the civil rights statutes to make the injured party whole"); Newhouse v. McCormick & Co., Inc., 110 F.3d 635, 641 (8th Cir. 1997) (same); Ogden v. Wax Works, Inc., 29 F. Supp.2d 1003, 1010 (N.D. Iowa 1998) (determination of whether to. award front pay is committed to sound discretion of court); Gillson v. State Dept. of Natural Resources, 492 N.W.2d 835, 842 (Minn. Ct. App. 1992) (stating that mental anguish, pain and suffering may be based on plaintiff's subjective testimony alone and does not have to be severe or accompanied by physical injury).

**Plaintiff's Proposed Instruction No. 27**

**PLAINTIFF'S PROPOSED INSTRUCTION NO. _____**

**Mental Anguish or Suffering – Defined**

The term "mental anguish" means anguish as distinguished from physical pain. It is the past, present and future mental and emotional response of the plaintiff to the discrimination experienced. It includes what are commonly referred to as terror, fright, anxiety, worry, grief, anger, shock, or any other mental or emotional distress. Mental anguish also includes public humiliation, shame, and despair and any impairment to a plaintiff of living a normal life. If you find that the plaintiff has sustained such harm as the result of the wrongful conduct of the defendant, you should make an award of damages to compensate for their loss.

There are no exact standards for measuring such damages. The amount of damages should be fair and just in light of the evidence. Award of mental anguish and pain and suffering damages in a sexual harassment case may be based on the plaintiff's subjective testimony alone, and does not have to be severe or accompanied by physical injury. Moreover, the sexual harassment victim's damage recovery should not be limited to pain and suffering from each specific incident when the impact is cumulative.

**Authorities:**

S. Baldwin, E. Davidson, and J. Lynch, Art of Advocacy—Jury Instructions (Mathew Bender 1992) § 21.04 (modified); Jenson v. Eveleth Taconite Co., 130 F.3d 1287, 1290 n.5 (8th Cir. 1997); Gillson v. State Dept. of Natural Resources, 492 N.W. 2d 835, 842 (Minn. Ct. App. 1992).

**Plaintiff's Proposed Instruction No. 28**

**PLAINTIFF'S PROPOSED INSTRUCTION NO. _____**

**Recovery for Emotional Distress Due to Litigation**

Defendants are responsible for compensating claimants for all emotional distress stemming from their exposure to the hostile work environment, which includes the distress attributable the prosecution of a lawsuit asserting their rights to be free from workplace harassment.

**Authorities:**

Stockett v. Tolin, 791 F. Supp. 1536, 1560 (S.D. Fla. 1992); see also Secretary, HUD ex. rel. v. Blackwell, 908 F.2d 864, 872-73 (11th Cir. 1990) (Court specifically cites exacerbation of distress caused by lawsuit publicity in upholding emotional distress award).

**Plaintiff's Proposed Instruction No. 29**

INSTRUCTION NO. __

**ELECTION OF FOREPERSON; DUTY TO DELIBERATE; COMMUNICATIONS WITH COURT; CAUTIONARY; UNANIMOUS VERDICT; VERDICT FORM**

In conducting your deliberations and returning your verdict, there are certain rules you must follow.

*First*, when you go to the jury room, you must select one of your members as your foreperson. That person will preside over your discussions and speak for you here in court.

*Second*, it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement if you can do so without violence to individual judgment, because a verdict must be unanimous.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or simply to reach a verdict. Remember at all times that you are not partisans. You are judges - judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

*Third*, if you need to communicate with me during your deliberations, you may send a note to me through the marshal or bailiff, signed by one or more jurors. I will respond as soon as possible either in writing or orally in open court. Remember that you should not tell anyone - including me - how your votes stand numerically.

*Fourth*, your verdict must be based solely on the evidence and on the law which I have given to you in my instructions. The verdict must be unanimous. Nothing I have said or done is

intended to suggest what your verdict should be - that is entirely for you to decide.

*Finally*, the verdict form is simply the written notice of the decision that you reach in this case. [The form reads: (read form)]. You will take this form to the jury room, and when each of you has agreed on the verdict[s], your foreperson will fill in the form, sign and date it, and advise the marshal or bailiff that you are ready to return to the courtroom.

[If more than one form was furnished, you will bring the unused forms in with you.]

**Authorities:**

8TH CIR. CIVIL JURY INSTR. 3.06 (2001)