DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 1

COURT JURY INSTRUCTION NO.

Ladies and gentlemen: I will take a few moments now to give you some initial instructions about this case and about your duties as jurors. At the end of the trial I will give you further instructions. I may also give you instructions during the trial. Unless I specifically tell you otherwise, all such instructions--both those I give you now and those I give you later--are equally binding on you and must be followed.

This is a civil case brought by the plaintiff Joyce Lambert against the defendant John Potter, Postmaster General, the head of the United States Postal Service, a federal agency. The plaintiff alleges that the defendant discriminated against her on the basis of her sex. Specifically, plaintiff alleges that an unfavorable year end evaluation in 1999 was motivated by discrimination on the basis of sex and in retaliation for her prior EEO activity. Plaintiff also alleges she was subjected to a hostile work environment on the basis of sex. The defendant denies the allegations. The defendant claims the 1999 evaluation was based on legitimate nondiscriminatory business reasons and not in retaliation. Defendant also denies the existence of a discriminatorily hostile work environment, that it exercised reasonable care to prevent correct promptly any sexually harassing behavior, and that plaintiff unreasonably failed to take advantage of the preventive or corrective opportunities

provided by the defendant to avoid harm.

It will be your duty to decide from the evidence whether the plaintiff is entitled to a verdict against defendant.

From the evidence you will decide what the facts are. You are entitled to consider that evidence in the light of your own observations and experiences in the affairs of life. You will then apply those facts to the law which I give you in these and in my other instructions, and in that way reach your verdict. You are the sole judges of the facts; but you must follow the law as stated in my instructions, whether you agree with it or not.

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness says, or only part of it, or none of it.

In deciding what testimony to believe, consider the witnesses' intelligence, their opportunity to have seen or heard the things they testify about, their memories, any motives they may have for testifying a certain way, their manner while testifying, whether they said something different at an earlier time, the general reasonableness of their testimony, and the extent to which their testimony is consistent with other evidence that you believe.

Do not allow sympathy or prejudice to influence you. The law demands of you a just verdict, unaffected by anything except the evidence, your common sense, and the law as I give it to you.

You should not take anything I may say or do during the trial as indicating what I think of the evidence or what I think your verdict should be.

8th Cir. Civil Jury Instr. §1.01 (2001)

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 2

COURT JURY INSTRUCTION NO.

I have mentioned the word "evidence." "Evidence" includes the testimony of witnesses; documents and other things received as exhibits; any facts that have been stipulated--that is, formally agreed to by the parties; and any facts that have been judicially noticed--that is facts which I say you must accept as true.

Certain things are not evidence. I will list those things for you now:

1. Statements, arguments, questions and comments by lawyers are not evidence.

2. Exhibits that are identified by a party but not offered or received in evidence are not evidence.

3. Objections are not evidence. Lawyers have a right and sometimes an obligation to object when they believe something is improper. You should not be influenced by the objection. If I sustain an objection to a question or an exhibit, you must ignore the question or the exhibit and must not try to guess what the information might have been.

4. Testimony and exhibits that I strike from the record, or tell you to disregard, are not evidence and must not be considered.

5. Anything you see or hear about this case outside the courtroom is not evidence, unless I specifically tell you

otherwise during the trial.

Furthermore, a particular item of evidence is sometimes received for a limited purpose only. That is, it can be used by you only for one particular purpose, and not for any other purpose. I will tell you when that occurs, and instruct you on the purposes for which the item can and cannot be used. You should also pay particularly close attention to such an instruction, because it may not be available to you in writing later in the jury room.

Some of you may have heard the terms "direct evidence" and "circumstantial evidence." You are instructed that you should not be concerned with those terms, since the law makes no distinction between the weight to be given to direct and circumstantial evidence.

You are to consider only the evidence in the case. But in your consideration of the evidence, you are not limited to the bald statements of the witnesses. In other words, you are not limited solely to what you see and hear as the witnesses testified. You are permitted to draw, from the facts which you find have been proved, such reasonable inferences as you feel are justified in the light of your experience.

At the end of the trial you will have to make your decision based on what you recall of the evidence. You will not have a written transcript to consult, and it is difficult and time consuming for the reporter to read back lengthy testimony. I

urge you to pay close attention to the testimony as it is given.

8th Cir. Civil Jury Instr. §1.02 (2001)

Last 2 paragraphs from Devitt, Blackmar and Wolff, Federal Jury Practice and Instructions, § 70.03

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 3

COURT JURY INSTRUCTION NO.

During the trial it may be necessary for me to speak with the lawyers out of your hearing, either by having a bench conference here while you are present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is to decide how certain evidence is to be treated under the rules of evidence which govern the trial, and to avoid confusion and error. We will, of course, do what we can to keep the number and length of these conferences to a minimum.

8th Cir. Civil Jury Instr. §1.03 (2001)

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 4

COURT JURY INSTRUCTION NO.

At the end of the trial you must make your decision based on what you recall of the evidence. You will not have a written transcript to consult. You must pay close attention to the testimony as it is given.

The Court does not feel that it would be desirable or helpful for the jurors to take notes during the trial. The taking of notes, furthermore, may have a tendency to distract you so that you may not give attention to all of the testimony. Therefore, please do not take any notes or make any written memoranda while you are in the courtroom.

8th Cir. Civil Jury Instr. §1.04 (2001) (as modified)

Devitt, Blackmar and Wolff, Federal Jury Practice and Instructions, § 70.09

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 5

COURT JURY INSTRUCTION NO.

This court does not permit jurors to ask questions of witnesses or of the attorneys. Therefore please do not interrupt the lawyers during their examination of witnesses or otherwise. If, however, you are unable to hear a witness or a lawyer please raise your hand and the court will see that the situation is corrected.

Devitt, Blackmar and Wolff, Federal Jury Practice and Instructions, §70.11

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 6

COURT JURY INSTRUCTION NO.

During the course of a trial, I may occasionally ask questions of a witness, in order to bring out facts not then fully covered in the testimony. Please do not assume that I hold any opinion on the matters to which my questions may have related. Remember that you, as jurors, are at liberty to disregard all comments of the Court in arriving at your own findings as to the facts.

Devitt, Blackmar and Wolff, Federal Jury Practice and Instructions, §70.13

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 7

COURT JURY INSTRUCTION NO.

It is the duty of the Court to admonish an attorney who, out of zeal for the cause of his or her client, does something which is not in keeping with the rules of evidence or procedure.

You are to draw no inference against the side to whom an admonition of the court may be addressed during the trial of this case.

Devitt, Blackmar and Wolff, Federal Jury Practice and Instructions, §70.14

PROPOSED JURY INSTRUCTION NO. 8

COURT JURY INSTRUCTION NO.

Finally, to insure fairness, you as jurors must obey the following rules:

*First*, do not talk among yourselves about this case, or about anyone involved with it, until the end of the case when you go to the jury room to decide on your verdict.

*Second*, do not talk with anyone else about this case, or about anyone involved with it, until the trial has ended and you have been discharged as jurors.

*Third*, when you are outside the courtroom, do not let anyone tell you anything about the case, or about anyone involved with it until the trial has ended and your verdict has been accepted by me. If someone should try to talk to you about the case during the trial, please report it to me.

*Fourth*, during the trial you should not talk with or speak to any of the parties, lawyers or witnesses involved in this case--you should not even pass the time of day with any of them. It is important not only that you do justice in this case, but that you also give the appearance of doing justice. If a person from one side of the lawsuit sees you talking to a person from the other side--even if it is simply to pass the time of day--an unwarranted and unnecessary suspicion about your fairness might be aroused. If any lawyer, party or witness does not speak to you when you pass in the hall, ride the elevator or the like, remember it is because

they are not supposed to talk or visit with you either.

*Fifth*, do not read any news stories or articles about the case, or about anyone involved with it, or listen to any radio or television reports about the case or about anyone involved with it. In fact, until the trial is over I suggest that you avoid reading any newspapers or news journals at all, and avoid listening to any TV or radio newscasts at all. I do not know whether there might be any news reports of this case, but if there are you might inadvertently find yourself reading or listening to something before you could do anything about it. If you want, you can have your spouse or a friend clip out any stories and set them aside to give you after the trial is over. I can assure you, however, that by the time you have heard the evidence in this case, you will know more about the matter than anyone will learn through the news media.

*Sixth*, do not do any research (including research in the dictionary) or make any investigation about the case on your own.

*Seventh*, do not make up your mind during the trial about what the verdict should be. Keep an open mind until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence. Keep an open mind until then.

8th Cir. Civil Jury Instr. §1.05 (2001)

PROPOSED JURY INSTRUCTION NO. 9

COURT JURY INSTRUCTION NO.

The trial will proceed in the following manner:

First, the plaintiff's attorney may make an opening statement. Next, the defendant’s attorney may make an opening statement. An opening statement is not evidence but is simply a summary of what the attorney expects the evidence to be.

The plaintiff will then present evidence and counsel for defendant may cross-examine. Following the plaintiff case, the defendant may present evidence and plaintiff's counsel may cross-examine.

After presentation of evidence is completed, the attorneys will make their closing arguments to summarize and interpret the evidence for you. As with opening statements, closing arguments are not evidence. The court will instruct you further on the law. After that you will retire to deliberate on your verdict.

8th Cir. Civil Jury Instr. §1.06 (2001)

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 10

COURT JURY INSTRUCTION NO.

We are about to take a recess and I remind you of the instruction I gave you earlier. During this recess or any other recess, you must not discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else. If anyone tries to talk to you about the case, please let me know about it immediately. Do not read, watch or listen to any news reports of the trial. Finally, keep an open mind until all the evidence has been received and you have heard the views of your fellow jurors.

I may not repeat these things to you before every recess, but keep them in mind throughout the trial.

8th Cir. Civil Jury Instr. §2.01 (2001)

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 11

COURT JURY INSTRUCTION NO.

The plaintiff and the defendant have stipulated--that is, they have agreed--that certain facts are as counsel have just stated. You should, therefore, treat those facts as having been proved.

8th Cir. Civil Jury Instr. §2.03 (2001)

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 12

COURT JURY INSTRUCTION NO.

As you have heard, there is a typewritten transcript of the tape recording I just mentioned and you are about to hear. That transcript also undertakes to identify the speakers engaged in the conversation.

You are permitted to have the transcript for the limited purpose of helping you follow the conversation as you listen to the tape recording, and also to help you identify the speakers. The tape recording is evidence for you to consider. The transcript, however, is not evidence.

You are specifically instructed that whether the transcript correctly or incorrectly reflects the conversation or the identity of the speakers is entirely for you to decide based upon what you have heard here about the preparation of the transcript, and upon your own examination of the transcript in relation to what you hear on the tape recording. The tape recording itself is the primary evidence of its own contents. If you decide that the transcript is in any respect incorrect or unreliable, you should disregard it to that extent.

Differences between what you hear in the recording and read in the transcript may be caused by such things as the inflection in a speaker's voice, or by inaccuracies in the transcript. You should, therefore, rely on what you hear rather than what you read when there is a difference.

8th Cir. Civil Jury Instr. §2.05 (2001)

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 13

COURT JURY INSTRUCTION NO.

This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations of life. A federal agency is entitled to the same fair trial at your hands as a private individual. All persons, including corporations, partnerships, unincorporated associations, federal agencies, and other organizations, stand equal before the law, and are to be dealt with as equals in a court of justice.

Devitt, Blackmar and Wolff, Federal Jury Practice and Instructions, §71.04 (modified).

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 14

COURT JURY INSTRUCTION NO.

The evidence [(you are about to hear)(you have just heard)] may be considered by you only [(on the issue of____) (as background)]. It may not be considered for any other purpose.

8th Cir. Civil Jury Instr. §2.08B (2001) (as modified).

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 15

COURT JURY INSTRUCTION NO.

Members of the jury, the instructions I gave at the beginning of the trial and during the trial remain in effect. I now give you some additional instructions.

You must, of course, continue to follow the instructions I gave you earlier, as well as those I give you now. You must not single out some instructions and ignore others, because *all* are important. This is true even though some of those instructions I gave you at the beginning of and during trial are not repeated here.

The instructions I am about to give you now as well as those I gave you earlier are in writing and will be available to you in the jury room. I emphasize, however, that this does not mean they are more important than my earlier instructions. Again, *all* instructions, whenever given and whether in writing or not, must be followed.

8th Cir. Civil Jury Instr. §3.01 (2001)

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 16

COURT JURY INSTRUCTION NO.

Neither in these instructions nor in any ruling, action or remark that I have made during the course of this trial have I intended to give any opinion or suggestion as to what your verdicts should be.

During this trial I have occasionally asked questions of witnesses. Do not assume that because I asked questions I hold any opinion on the matters to which my questions related.

8th Cir. Civil Jury Instr. §3.02 (2001)

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 17

COURT JURY INSTRUCTION NO.

You are instructed that you are the sole judges of the credibility of the witnesses and of the weight and value to be given to their testimony. In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

In deciding what testimony to believe, you may consider a witness's intelligence; the opportunity a witness had to see or hear the things testified about; a witness's memory; his or her apparent capacity and willingness to tell you truthfully and accurately what he or she saw or heard; any motives a witness may have for testifying a certain way; his or her relation to or feeling toward the parties to the trial; any interest the witness may have in the result of the trial; the manner or demeanor of a witness while testifying; whether a witness said something different at an earlier time; his or her tendency to speak truthfully or falsely, as you believe; the probability or improbability of his or her statements; the general reasonableness of the testimony; and the extent to which the testimony is consistent with any other evidence that you believe.

In deciding whether or not to believe a witness, keep in mind that people sometimes hear or see things differently and sometimes forget things. You need to consider therefore whether a

contradiction is an innocent misrecollection or lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or only a small detail. If you believe any witness testified falsely as to any material issue in this case, then you must reject that which you believe to be false, and you may reject the whole or any part of the testimony of such witness.

8th Cir. Civil Jury Instr. §3.03 (2001)(as modified).

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 18

COURT JURY INSTRUCTION NO.

In these instructions you are told that your verdict depends on whether you find certain facts have been proved. The burden of proving a fact is upon the party whose claim or defense depends upon that fact. The party who has the burden of proving a fact must prove it by the preponderance of the evidence. To prove something by the preponderance of the evidence is to prove that it is more likely true than not true. It is determined by considering all of the evidence and deciding which evidence is more believable. If, on any issue in the case, the evidence is equally balanced, you cannot find that issue has been proved.

The preponderance of the evidence is not necessarily determined by the greater number of witnesses or exhibits a party has presented.

8th Cir. Civil Jury Instr. §3.04 (2001)

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 19

COURT JURY INSTRUCTION NO.

The claim of plaintiff[s] that the defendant[s] _______ is no longer before you and will not be decided by you.

8th Cir. Civil Jury Instr. §3.05 (2001)

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 20

COURT JURY INSTRUCTION NO.

You are to consider only the evidence in the case. But in your consideration of the evidence you are not limited to the bald statements of the witnesses. In other words, you are not limited to what you see and hear as the witnesses testify. You are permitted to draw, from facts which you find have been proved, such reasonable inferences as seem justified in the light of your experience.

Inferences are deductions or conclusions which reason and common sense lead the jury to draw from facts which have been established by the evidence in the case.

Unless and until outweighed by evidence in the case to the contrary, you may find that official duty has been regularly performed; that private transactions have been fair and regular; that the ordinary course of business or employment has been followed; that things have happened according to the ordinary course of nature and the ordinary habits of life; and that the law has been obeyed.

Devitt, Blackmar and Wolff, Federal Jury Practice and Instructions, § 72.04.

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 21

COURT JURY INSTRUCTION NO.

Evidence as to any oral admissions, claimed to have been made outside of court by a party to any case, should always be considered with caution and weighed with great care. The person making the alleged admission may have been mistaken, or may not have expressed clearly the meaning intended; or the witness testifying to an alleged admission may have misunderstood, or may have misquoted what was actually said.

However, when an oral admission made outside of court is proved by reliable evidence, such an admission may be treated as trustworthy, and should be considered along with all other evidence in the case.

Devitt, Blackmar and Wolff, Federal Jury Practice and Instructions, § 72.12.

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 22

COURT JURY INSTRUCTION NO.

You are not bound to decide any issue of fact in accordance with the testimony of any number of witnesses which does not produce in your minds belief in the likelihood of truth, as against the testimony of a lesser number of witnesses or other evidence which does produce such belief in your minds.

The test is not which side brings the greater number of witnesses, or presents the greater quantity of evidence; but which witness, and which evidence, appeals to your minds as being most accurate, and otherwise trustworthy.

Devitt, Blackmar and Wolff, Federal Jury Practice and Instructions, § 72.13.

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 23

COURT JURY INSTRUCTION NO.

The testimony of a single witness which produces in your minds belief in the likelihood of truth is sufficient for the proof of any fact, and would justify a verdict in accordance with such testimony, even though a number of witnesses may have testified to the contrary, if, after consideration of all the evidence in the case, you hold greater belief in the accuracy and reliability of the one witness.

Devitt, Blackmar and Wolff, Federal Jury Practice and Instructions, § 72.14.

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 24

COURT JURY INSTRUCTION NO.

In conducting your deliberations and returning your verdict, there are certain rules you must follow.

*First*, when you go to the jury room, you must select one of your members as your foreperson. That person will preside over your discussions and speak for you here in court.

*Second*, it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement if you can do so without violence to individual judgment, because a verdict must be unanimous.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or simply to reach a verdict. Remember at all times that you are not partisans. You are judges--judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

*Third*, if you need to communicate with me during your deliberations, you may send a note to me through the marshal or bailiff, signed by one or more jurors. I will respond as soon as possible either in writing or orally in open court. Remember that you should not tell anyone--including me--how your votes stand

numerically.

*Fourth*, your verdict must be based solely on the evidence and on the law which I have given to you in my instructions. The verdict must be unanimous. Nothing I have said or done is intended to suggest what your verdict should be--that is entirely for you to decide.

*Finally*, the verdict form is simply the written notice of the decision that you reach in this case. The form reads: (read form)].

You will take this form to the jury room. When each of you has agreed on the verdict[s], your foreperson will fill in the form, sign and date it, and advise the marshal or bailiff that you are ready to return to the courtroom.

If more than one form was furnished, you will bring the unused forms in with you.

8th Cir. Civil Jury Instr. §3.06 (2001)

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 25

COURT JURY INSTRUCTION NO.

As stated in my instructions, it is your duty to consult with one another and to deliberate with a view to reaching agreement if you can do so without violence to your individual judgment. Of course you must not surrender your honest convictions as to the weight or effect of the evidence solely because of the opinions of other jurors or for the mere purpose of returning a verdict. Each of you must decide the case for yourself; but you should do so only after consideration of the evidence with your fellow jurors.

In the course of your deliberations you should not hesitate to reexamine your own views, and to change your opinion if you are convinced it is wrong. To reach a unanimous result you must examine the questions submitted to you openly and frankly, with proper regard for the opinions of others and with a willingness to re-examine your own views.

Finally, remember that you are not partisans; you are judges--judges of the facts. Your sole interest is to seek the truth from the evidence. You are the judges of the credibility of the witnesses and the weight of the evidence.

You may conduct your deliberations as you choose. But I suggest that you carefully [re]consider all the evidence bearing upon the questions before you. You may take all the time that you feel is necessary.

There is no reason to think that another trial would be

tried in a better way or that a more conscientious, impartial or competent jury would be selected to hear it. Any future jury must be selected in the same manner and from the same source as you. If you should fail to agree on a verdict, the case is left open and must be disposed of at some later time.

[Please go back now to finish your deliberations in a manner consistent with your good judgment as reasonable persons.]

8th Cir. Civil Jury Instr. §3.07 (2001)

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 26

COURT JURY INSTRUCTION NO.

A witness may be discredited or impeached by contradictory evidence; or by evidence that at some other time the witness has said or done something, or has failed to say or do something, which is inconsistent with the witness's present testimony; or by evidence that the character of the witness for truthfulness is bad.

If you believe any witness has been impeached and thus discredited, it is your exclusive province to give the testimony of that witness such credibility, if any, as you may think it deserves.

If a witness is shown knowingly to have testified falsely concerning any material matter, you have a right to distrust such witness' testimony in other particulars and you may reject all the testimony of that witness, or give it such credibility as you may think it deserves.

An act or omission is "knowingly" done, if done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

Devitt, Blackmar and Wolff, Federal Jury Practice and Instructions, §73.06

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 27

COURT JURY INSTRUCTION NO.

Evidence that at some other time a witness, not a party to this action, has said or done something which is inconsistent with the witness's testimony at the trial, may be considered for the sole purpose of judging the credibility of the witness but may never be considered as evidence of proof of the truth of any such statement.

Where, however, the witness is a party to the case, and by such statement, or other conduct, admits some fact or facts against his interest, then such statement or other conduct, if knowingly made or done, may be considered as evidence of the truth of the fact or facts so admitted by such party, as well as for the purpose of judging the credibility of the party as a witness.

An act or omission is "knowingly" done, if done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

Devitt, Blackmar and Wolff, <u>Federal Jury Practice and Instructions</u>, § 73.09.

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 28

COURT JURY INSTRUCTION NO.

_____Federal law prohibits an employer from intentionally discriminating against an employee on the basis of race, color, religion, sex, or national origin. Specifically, the law provides, in relevant part, that:

> It shall be an unlawful employment practice for an employer
>
> (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or
>
> (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.

_____

_____This law applies to federal agencies.

_____The Plaintiff in this case, Joyce Lambert, claims that Defendant United States Postal Service intentionally discriminated against her because of her sex. The Defendant denies this charge. It is your responsibility to decide whether the Plaintiff has proven her claim against the Defendant by a preponderance of the evidence.

42 U.S.C. §§ 2000e et seq.
42 U.S.C. § 2000e-2(a).
42 U.S.C. § 2000e-16.

Devitt, Blackmar and Wolff, Federal Jury Practice and Instructions, §§ 104.01 and 104.02.

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 29

COURT JURY INSTRUCTION NO.

Plaintiff Joyce Lambert must show that Defendant, John Potter, Postmaster General, intentionally discriminated against her. Plaintiff, however, is not required to produce direct evidence of discrimination. Intentional discrimination may be inferred from the existence of other facts.

Devitt, Blackmar and Wolff, Federal Jury Practice and Instructions, § 104.04.

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 30

COURT JURY INSTRUCTION NO.

Plaintiff Joyce Lambert alleges that defendant, John Potter, Postmaster General, intentionally discriminated against her because of her sex with respect to her 1999 year end evaluation. You must decide whether she has proved by a preponderance of the evidence that Defendant, John Potter, Postmaster General, treated her less favorably than others similarly situated because of her sex and, if so, whether this discriminatory treatment was intentional.

Different treatment for a legitimate reason unrelated to plaintiff's sex is not illegal discrimination.

Discrimination is intentional only if it is done voluntarily, deliberately, and willfully, and not by accident, inadvertence or for another innocent reason. You may consider statements made, acts committed or omitted, and all facts and circumstances which show whether or not the Defendant intentionally discriminated against Plaintiff.

United States Postal Service Board of Governors v. Aikens, 460 U.S. 711, 715 (1983).

St. Mary's Honor Center v. Hicks, 509 U.S. 502 (1983)

Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248 (1981).

Adapted from Devitt, Blackman, and Wolff Federal Jury Practice and Instructions, § 106.06 (1987).

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 31

COURT JURY INSTRUCTION NO.

Generally, to succeed on her claim that defendant intentionally discriminated against her because of her sex, plaintiff must prove, by a preponderance of the evidence, that intentional discrimination was the true reason for defendants actions. If the defendant presents evidence of a legitimate, nondiscriminatory reason for its decision, plaintiff then must prove, by a preponderance of the evidence, both that the legitimate reason offered by the defendant was false or merely a pretext for discrimination, and that the real reason was intentional sex discrimination. It is not enough that you do not believe the defendant's explanation; you must believe plaintiff's explanation of intentional discrimination. This is because ultimately, plaintiff bears the burden of proving by a preponderance of the evidence that defendant intentionally discriminated against her because of her sex.

St. Mary's Honor Center v. Hicks, 509__ U.S. 502 (1983), (citing Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248, 253 (1981).

United States Postal Service Bd. of Governors v. Aikens, 460 U.S. 711, 715 (1983).

Ryther v. Kare 11, 108 F.3d 832 (8th Cir. 1997)(en banc)

Thomas v. Runyon, 108 F.3d 957 (8th Cir. 1997)

DEFENDANT’S PROPOSED JURY INSTRUCTION NO. 32

COURT JURY INSTRUCTION NO.

Plaintiff claims she was treated differently from similarly situated males in connection with her year end evaluation in 1999.

Your verdict must be for plaintiff on plaintiff's sex discrimination claim if all the following elements have been proved by the preponderance of the evidence:

*First*, that plaintiff is a member of a protected group;

*Second,* that plaintiff was meeting the legitimate performance expectations of the defendant;

*Third*, defendant’s 1999 year end evaluation of the plaintiff materially affected a term or condition of her employment; and

*Fourth*, plaintiff's sex was a motivating factor in defendant's decision.

If any of the above elements has not been proved by the preponderance of the evidence, your verdict must be for defendant and you need not proceed further in considering this claim.

8th Cir. Civil Jury Instr. §5.01 (2001)(as modified)

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 33

COURT JURY INSTRUCTION NO.

If you find in favor of plaintiff under Instruction 32, then you must answer the following question in the verdict form: Has it been proved by the preponderance of the evidence that defendant would have given plaintiff the same 1999 year end evaluation regardless of her sex?

8th Cir. Civil Jury Instr. §5.01A (2001)

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 34

COURT JURY INSTRUCTION NO.

As used in these instructions, plaintiff's sex was a "motivating factor," if plaintiff's sex actually played a role in the defendant's 1999 year end evaluation of plaintiff and had a determinative influence on the outcome of the evaluation. However, plaintiff's sex need not have been the only reason for defendant's decision.

8th Cir. Civil Jury Instr. §5.96 (2001)as modified, see note 3)

Hazen Paper Co. v. Biggins, 507 U.S. 604, 610 (1993)

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 35

COURT JURY INSTRUCTION NO.

The law requires that for plaintiff to prevail, she must prove her supervisors intentionally acted with a discriminatory motive. The issue is not whether plaintiff's supervisors were correct or mistaken in their assessment of her job performance; the issue is whether they acted with discriminatory intent.

Thus, in reviewing the decisions of Postal Service supervisors regarding plaintiff's 1999 year end evaluation, you are not to substitute your own judgment about whether these employment decisions were wise, or fair, or even mistaken.

You should not find that these decisions are unlawful because you may disagree with the reasons stated by Postal management or because you believe that their decisions were harsh.

St. Mary's Honor Center v. Hicks, 509 U.S. 502 (1993).

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 36

COURT JURY INSTRUCTION NO.

You may not find for plaintiff because you feel the defendant made a poor management decision in taking any adverse personnel action against plaintiff. The defendant does not have to show that it conducted its business in the best possible manner. Indeed, the defendant may make an employment decision for a good reason, a bad reason, or no reason at all so long as sex did not motivate the decision. In order to recover, plaintiff must demonstrate that intentional discrimination on the basis of sex was a motivating factor and had a determinative influence on the outcome of the 1999 year end evaluation.

Odima v. Westin Tucson Hotel Co., 991 F.2d 595, 602 (9th Cir. 1993)

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 38

COURT JURY INSTRUCTION NO.

You may not return a verdict for plaintiff just because you might disagree with defendant's 1999 year end evaluation of plaintiff or believe it to be harsh or unreasonable.

8th Cir. Civil Jury Instr. §5.94 (2001)

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 39

COURT JURY INSTRUCTION NO.

Plaintiff also claims that the defendant retaliated against her after she complained of sex discrimination. The law prohibits retaliation against an employee who opposes unlawful discrimination by his/her employer, including filing a complaint of discrimination.

To prove her retaliation claim, plaintiff must prove, by a preponderance of the evidence, that:

First: she engaged in protected activity under Title VII, that is, she complained regarding alleged unlawful discrimination by the defendant or participated in EEO proceedings;

Second: thereafter, she suffered an adverse employment action;

Third: that the persons responsible for imposing the adverse employment action were aware of the previously registered complaint of discrimination at the time the adverse employment action was taken; and

Fourth: there was a causal connection between her protected activity and the adverse employment action.

In showing this causal connection, plaintiff is not required to prove that retaliation was the sole motivation for the adverse action, but she must show that "but for" her participation in the protected activity, she would not have been subjected to the alleged adverse action.

If Plaintiff makes this showing, the Defendant may produce evidence that establishes the existence of a non-retaliatory explanation for its treatment of the Plaintiff. If you find that

the defendant has given such an explanation, then you must decide whether the Plaintiff has proved by a preponderance of the evidence that the reasons given by the defendant were false, and that retaliation was the real reason.

The Plaintiff must also prove that she suffered damage as a direct result of the retaliation.

42 U.S.C. # 2000e-3(a) (West 1991).

42 U.S.C. 2000e-3(a) (West 1991);

Carter v. South Central Bell, 912 F.2d 832, 842 (5th Cir. 1990)

Collins v. Baptist Memorial Geriatric Center, 937 F.2d 190, 193 (5th Cir. 1991), cert. denied, 112 S.Ct. 968 (1992)

Jack v. Texaco Research Center, 743 F.2d 1129, 1131 (5th Cir. 1984).

Manning v. Metropolitan Life Ins. Co. 127 F.3d 686 (8th Cir. 1997)

DEFENDANT’S PROPOSED JURY INSTRUCTION NO. 39A

COURT JURY INSTRUCTION NO.

An adverse employment action is a tangible change in working conditions that produces a material employment disadvantage. Termination, reduction in pay or benefits, and changes in employment that significantly affect an employee’s future career prospects meet this standard, but minor changes in working conditions that merely inconvenience an employee or alter an employee’s work responsibilities do not.

Spears v. Missouri Dept. of Corrections and Human Resources, 210 F.3d 850 853 (8th Cir. 2000)

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 40

COURT JURY INSTRUCTION NO.

To support an inference of retaliation, the adverse employment action should follow the protected activity so closely in time as to justify the inference.

Kobrin v. University of Minnesota, 34 F.3d 698, 704-705 (8th Cir. 1994)

Figguos v. Allied Bendix Corp., 906 F.3d 360, 362 (8th Cir. 1990)

Couty v. Dole, 886 F.2d 147 (8th Cir. 1989).

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 41

COURT JURY INSTRUCTION NO.

Your verdict must be for plaintiff on plaintiff's claim of sexual harassment if all of the following elements have been proved by the preponderance of the evidence:

*First*, plaintiff was subjected to withholding of information pertinent to her job, was excluded from work activities, was excluded from MDO meetings, was subjected to unfair scheduling on holidays, had her decisions overridden, and was berated and belittled.

*Second*, such conduct was unwelcome. Conduct is "unwelcome" if the employee did not solicit or invite it and the employee regarded the conduct as undesirable or offensive.

*Third*, such conduct was based on plaintiff's sex.

*Fourth*, such conduct was sufficiently severe or pervasive that a reasonable person in plaintiff's position would find plaintiff's work environment to be hostile. In determining whether a reasonable person in the plaintiff's circumstances would find the plaintiff's work environment to be hostile, you must look at all the circumstances. The circumstances may include the frequency of the conduct complained of; its severity; whether it was physically threatening or humiliating, or merely offensive; whether it unreasonably interfered with the plaintiff's work performance; and the effect on plaintiff's psychological well-being. No single factor is required in order to find a work environment hostile.

*Fifth*, at the time such conduct occurred and as a result of such conduct, plaintiff believed her work environment to be

hostile.

*Sixth*, defendant knew or should have known of the alleged conduct or conditions giving rise to plaintiff's claim.

*Seventh*, defendant failed to take prompt and appropriate corrective action to end the harassment.

If any of the above elements has not been proved by the preponderance of the evidence, your verdict must be for the defendant and you need not proceed further in considering this claim.

8th Cir. Civil Jury Instr. §5.43(2001)

PROPOSED JURY INSTRUCTION NO. 42

COURT JURY INSTRUCTION NO.

Your verdict must be for defendant on plaintiff's claim of sexual harassment if it has been proved by the preponderance of the evidence that (a) the defendant exercised reasonable care to prevent and correct promptly any sexually harassing behavior; and (b) that plaintiff unreasonably failed to take advantage of the preventive or corrective opportunities provided by defendant such as by not taking corrective action herself as a manager, by not reporting the conduct to her supervisors, by not making timely complaints through the EEO process or otherwise, or by failing to avoid harm otherwise.

8th Cir. Civil Jury Instr. §5.42A (2001)

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 43

COURT FINAL JURY INSTRUCTION NO.

Title VII does not reach genuine but innocuous differences in the ways men and women routinely interact with members of the same sex and of the opposite sex. The prohibition of harassment on the basis of sex requires neither asexuality nor androgyny in the workplace; it forbids only behavior so objectively offensive as to alter the conditions of the victim's employment.

Oncale v. Sundowner Offshore Services, Inc., 523 U.S. 75, 81 (1998).

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 44

COURT FINAL JURY INSTRUCTION NO.

Hostile work environment sexual harassment consists of discriminatory conduct such as unfulfilled threats, verbal abuse, and unwelcome physical advances that are sufficiently pervasive and severe and that have the purpose and effect of unreasonably interfering with an employee's work performance or creating an intimidating, hostile, or offensive working environment.

Mere offensive utterances, simple teasing, offhand comments, and isolated incidents (unless extremely serious), do not amount to discriminatory changes in the terms and conditions of employment and are not actionable.

The conduct at issue must not be merely tinged with offensive sexual connotations, but must actually constitute discrimination because of sex.

Harris v. Forklift Systems Inc., 510 U.S. 17, 23 (1993).

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 45

COURT JURY INSTRUCTION NO.

I will now give you instructions on how to calculate damages. The fact that I do so does not mean that I think you should award any. That is entirely for you to decide.

If you find that the defendant intentionally discriminated against the plaintiff on the basis of sex or retaliation, and that the defendant would not have taken the same employment action absent the discrimination, then you must determine an amount that is fair compensation for the plaintiff's damages. You may award compensatory damages only for injuries that the plaintiff proves were caused by the defendant's allegedly wrongful conduct. Any damages you award must be fair compensation, no more and no less.

In calculating damages, you should not consider any back pay that the plaintiff lost. The award of back pay, if any, should you find the defendant liable, will be calculated and determined by the court.

You may award damages for emotional pain, suffering, inconvenience, and mental anguish if you find these were caused by defendant's intentionally discriminatory acts. No evidence of monetary value of such intangible things as pain and suffering has been, or need be, introduced into evidence. There is no exact standard for fixing the compensation to be awarded for these elements of damages. Any award you make should be fair in light of the evidence presented at trial.

In determining the amount of any damages that you decide to award, you should be guided by dispassionate common sense. You

must use sound discretion in fixing an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on sympathy, speculation, or guess work. On the other hand, the law does not require that the plaintiff prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as circumstances permit.

Damages are not allowed as a punishment and cannot be imposed or increased to penalize the defendant. You should not award compensatory damages for speculative injuries, but only for those injuries which the plaintiff has actually suffered or that the plaintiff is reasonably likely to suffer in the future as a result of the alleged discrimination.

You may not award damages based simply on speculation or guesswork. Any award must fairly compensate plaintiff or her injury but must have basis in the evidence and be reasonable in light of that evidence. However, no evidence of monetary value of such intangible things as pain and suffering has been, or need be, introduced into evidence. There is no exact standard for fixing the compensation to be awarded for these elements of damages. Any award you make should be fair in light of the evidence presented at trial.

Adapted from Devitt, Blackmar, and Wolff § 104.06 (4th ed. 1987) and § 104.06 (4th ed. Supp. 1993).

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 46

COURT JURY INSTRUCTION NO.

For the purpose of determining damages, inconvenience is defined as serious hardship or injustice. You may not award damages for mere vexation or annoyance.

Black's Law Dictionary 689 (5th ed. 1979); 25 C.J.S. Damages § 70 (1955).

DEFENDANT’S PROPOSED JURY INSTRUCTION NO. 47

COURT JURY INSTRUCTION NO.

If you find in favor of plaintiff under Instruction ____and if you answer "no" in response to Instruction ____,

or

If you find in favor of plaintiff under Instruction ____ and if you answer “no” in response to Instruction ____,

then you must award plaintiff such sum as you find by the preponderance of the evidence will fairly and justly compensate plaintiff for any damages you find plaintiff sustained as a direct result of the 1999 year end evaluation.

Plaintiff's claim for damages includes two distinct types of damages and you must consider them separately:

*First*, you must determine the amount of any wages plaintiff would have earned in her employment with defendant if she had not received the 1999 year end evaluation.

*Second*, you must determine the amount of any other damages sustained by plaintiff, such as emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary loss.

You must enter separate amounts for each type of damages in the verdict form and must not include the same items in more than one category.

You are also instructed that plaintiff has a duty under the law to "mitigate" her damages--that is, to exercise reasonable diligence under the circumstances to minimize her damages. Therefore, if you find by the preponderance of the evidence that

plaintiff failed to seek out or take advantage of an opportunity that was reasonably available to her, you must reduce her damages by the amount she reasonably could have avoided if she had sought out or taken advantage of such an opportunity.

Remember, throughout your deliberations, you must not engage in any speculation, guess, or conjecture and you must not award damages under this Instruction by way of punishment or through sympathy.

8th Cir. Civil Jury Instr. §5.02 (2001)(as modified)

DEFENDANT’S PROPOSED JURY INSTRUCTION NO. 48

COURT JURY INSTRUCTION NO.

If you find in favor of plaintiff under Instruction ____ and if you answer "no" in response to Instruction ____ , but you find that plaintiff's damages have no monetary value, then you must return a verdict for plaintiff in the nominal amount of One Dollar ($1.00).

8th Cir. Civil Jury Instr. §5.03 (2001)

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 49

COURT JURY INSTRUCTION NO.

If you find in favor of plaintiff under Instruction ____and if you answer "no" in response to Instruction ____, then you must award plaintiff such sum as you find by the preponderance of the evidence will fairly and justly compensate plaintiff for any damages you find plaintiff sustained as a direct result of the hostile work environment, such as emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary loss, but not any wages or benefits that may have been lost.

You are also instructed that plaintiff has a duty under the law to "mitigate" her damages--that is, to exercise reasonable diligence under the circumstances to minimize her damages. Therefore, if you find by the preponderance of the evidence that plaintiff failed to seek out or take advantage of an opportunity that was reasonably available to her, you must reduce her damages by the amount she reasonably could have avoided if she had sought out or taken advantage of such an opportunity.

Remember, throughout your deliberations, you must not engage in any speculation, guess, or conjecture and you must not award damages under this Instruction by way of punishment or through sympathy.

8th Cir. Civil Jury Instr. §5.02 (2001)

DEFENDANT’S PROPOSED JURY INSTRUCTION NO. 50

COURT JURY INSTRUCTION NO.

If you find in favor of plaintiff under Instruction ____ and if you answer "no" in response to Instruction ____ , but you find that plaintiff's damages have no monetary value, then you must return a verdict for plaintiff in the nominal amount of One Dollar ($1.00).

8th Cir. Civil Jury Instr. §5.03 (2001)

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 51

COURT JURY INSTRUCTION NO.

The fact that I have instructed you as to the proper measure of damages should not be considered as intimating any view of mine as to which party is entitled to your verdict in this case. Instructions as to the measure of damages are given for your guidance, in the event you should find in favor of the plaintiff from a preponderance of the evidence in the case in accordance with the other instructions.

Devitt, Blackmar and Wolff, Federal Jury Practice and Instructions, § 74.02.

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 52

COURT JURY INSTRUCTION NO.

It is proper to add the caution that nothing said in these instructions and nothing in any form of verdict prepared for your convenience is meant to suggest or convey in any way or manner any intimation as to what verdict I think you should find. What the verdict shall be is your sole and exclusive duty and responsibility.

Devitt, Blackmar and Wolff, Federal Jury Practice and Instructions, § 74.07.

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 53

COURT JURY INSTRUCTION NO.

CLOSING CHARGE

It is your sworn duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case, do not hesitate to re-examine your own opinion and change your mind if you become convinced that you are wrong. However, do not give up your honest beliefs solely because the others think differently, or merely to finish the case.

Remember that in a very real way you are the judges--judges of the facts. Your only interest is to seek the truth from the evidence in the case.

When you retire to the jury room to deliberate on your verdict, you may take the exhibits which the Court has admitted into evidence. Select your Foreperson and conduct your deliberations. If you recess during your deliberations, follow all of the instructions that the Court has given you about/on your conduct during the trial. After you have reached your unanimous verdict, your Foreperson is to fill in on the form your answers to the questions. Do not reveal your answers until such time as you are discharged, unless otherwise directed by me.

if you want to communicate with me at any time, please give a written message or question to the bailiff, who will bring it to me. I will then respond as promptly as possible either in writing

or by having you brought into the courtroom so that I can address you orally. I will always first disclose to the attorneys your question and my response before I answer your question.

After you have reached a verdict, you are not required to talk with anyone about the case unless the Court orders otherwise. You may now retire to the jury room to conduct your deliberations.

Adapted from Pattern Jury Instructions. Civil Cases, § 2.11, 2.12 (U.S. Fifth Circuit)