UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 00-2580 MJD/JSM

JOYCE E. LAMBERT,

Plaintiff,

v.

JOHN E. POTTER, IN HIS OFFICIAL CAPACITY AS POSTMASTER GENERAL OF THE UNITED STATES,

Defendants.

**DEFENDANT POTTER'S MEMORANDUM IN SUPPORT OF MOTION IN LIMINE**

Defendant John Potter, Postmaster General, United States Postal Service ("USPS") submits this memorandum in support of its motion in limine to exclude certain evidence. This motion is based on the various federal rules of evidence and in particular Rules 401 (relevance) and 403 (prejudice, confusion, waste of time).

1. Evidence relating to the dismissed charges.

The Court has dismissed all the claims except for the disparate treatment and retaliation claims arising out of the 1999 year end evaluation and the hostile work environment claim. Consequently, the Court should exclude all evidence relating to the dismissed claims on the basis of relevance, prejudice, confusion, and waste of time. Fed. R. Civ. P. 401, 403.

"The probative value of other discriminatory acts depends not only on their relevance to the acts of which plaintiff complains, but also on the nature of the discrimination charged." Hunter v. Allis Chalmers, 797 F.2d 1417, 1424 (7th Cir. 1986). Furthermore,

evidence of claims based on theories or grounds other than the grounds for the triable claims should be excluded. See Crowe v. Wiltel Communications Systems, 103 F.3d 897 (9th Cir. 1996)(court excluded race evidence in a harassment/discrimination case based on sex); Kelly v. Boeing Petroleum Serv., Inc., 61 F.3d 350 , 358 (5th Cir. 1995). Here, the claims based on the Rehabilitation Act and FMLA do not relate whatsoever to the case going to trial; therefore, the Court should exclude all the evidence pertaining to the dismissed claims. This point applies in particular to the alleged "constructive demotion" claim. Likewise, the evidence underlying the other dismissed claims, such as the BMC detail claim and the AWOL claim, should likewise be dismissed. Not only are these claims not relevant, but they would confuse and mislead the jury. Furthermore, allowing evidence on these side, dismissed claims would be a waste of time. Finally, to allow this evidence underlying the dismissed claims would result in a series of mini-trials which will distract the jury. See Saulsberry v. St. Mary's University of Minnesota, 318 F.3d 862, (8th cir. 2003); Easley v. American Greetings Corp., 158 F.3d 974, 976 (8th Cir. 1998); Callahan v. Runyon, 75 F.3d 1293 (8th Cir. 1996); Bhaya v. Westinghouse Electric Corp., 922 F.2d. 184, 188 (3rd Cir. 1990); Coles v. Perry, 217 F.R.D. 1, 9-10 (D.D.C. 2003).. The Court should not allow any evidence concerning the dismissed claims. To the extent some evidence may be necessary as background, the Court should give a limiting instruction.

2. <u>The constructive demotion claim</u>.

The Court should exclude all evidence pertaining to the alleged constructive demotion claim for all of the foregoing reasons, but also because the Court lacks subject matter jurisdiction over that claim. Lambert did not present any such claim to the EEO or otherwise exhaust such a claim. Therefore, that claim is not before the Court. As such, the evidence underlying that claim should be excluded. This would include the circumstances leading up to the voluntary transfer in May 2000 (dating back to the September 1999), but also any references by Lambert that this voluntary transfer was some culminating event of or from the hostile work environment. Such testimony to be excluded would include that the transfer resulted in different duties and a lower salary for Lambert. The jury should simply be instructed that Lambert voluntarily took a transfer upon returning from her sick leave. Fed. R. Evid. 401, 402, 403.

3. <u>The Sandberg matters</u>.

The USPS anticipates that Lambert will attempt to have admitted certain evidence relating to Jean Sandberg and her claims against the USPS. Lambert plans to take a trial deposition of Sandberg as well. The Court should exclude all of this evidence.

Jean Sandberg was and presumably remains an employee of the USPS and worked in the St. Paul P&DC from 1989 until December 1999, when she was separated from the USPS. During this period, Sandberg missed work many days, weeks, and months allegedly due to work

related stress. She secured an FMLA leave of absence and filed for workers compensation (OWCP) benefits, which application was denied originally. The USPS issued disciplinary actions against her as well. During that period, she filed a number of EEO claims all but two of which were resolved adversely to her. On April 13, 1999, she filed an EEO claim (No. 1-I-551-0012-99) on the basis of disability, race (white), sex, age, and retaliation and named as discriminating officials Drew Aliperto, Arlene LeBlanc (now deceased), and Cheryl Gillis. The gravamen of this claim was to obtain a return to work within her restrictions. After the USPS denied the claim, Sandberg filed suit. Sandberg v. Henderson, Civil No. 98-1653 (DWF/AJB)("Sandberg I"). The Court dismissed all the claims except for the retaliation claim. A jury returned a verdict in favor of Sandberg. Contrary to representations by Lambert in the present case, Sandberg I did not involve Judy Thon, although Thon did testify at trial.

After her separation, Sandberg grieved her separation through the union grievance process and also filed a second lawsuit, Sandberg v. Henderson, Civil No 00-2398 (MJD/JGL). On December 17, 2002, Sandberg prevailed on her union grievance and she was returned to work and awarded back pay. This Court granted the USPS summary judgment on the Rehabilitation Act count, but retained the retaliation claim. Subsequently, her lawsuit was settled.

Other than working in St.Paul and being a female, Sandberg's situation bears no resemblance to Lambert's present case. Sandberg

was a low to mid level craft employee whereas Lambert was an EAS-22, MDO. Sandberg worked in maintenance, whereas Lambert worked in mail processing. Sandberg's second level supervisor was Drew Alpierto. Alpierto is a manager like Lambert. Alpierto is not named in the Lambert matter. Because of her many and lengthy absences for illness and otherwise, Sandberg was not present in St. Paul for much of the time from January 1995 to December 1998, and was not there at all from December 1998 until December 2002 well after Lambert was gone. The issues in Sandberg's matters involved getting her back to work and disability discrimination/retaliation whereas Lambert's case involves sex not disability discrimination. Because the Sandberg and Lambert matters are totally different, and the two plaintiffs are not similarly situated in any relevant respect, the Court should not allow any evidence about Sandberg or from Sandberg. See Mooney v. Aramco Services Co., 54 F.3d 1207, 1221 (5th Cir. 1995); Schrand v. Federal Pacific Electric Co., 851 F.2d 152, 156 (6th Cir. 1988). This evidence is not relevant and it would be unduly prejudicial to the USPS. Fed. R. Evid. 401, 402, 403.

Finally, Lambert may seek to have Sandberg provide her lay opinion about the St. Paul P&DC. The Court should exclude such improper testimony. Fed. R. Evid. 701, 702, 704(a). See Lynch v. City of Boston, 180 F.3d 1, 17 (1st Cir. 1999).

4. Other EEO Complaints.

The USPS anticipates that Lambert may try to introduce

evidence of past EEO complaints against the USPS from the St.Paul P&DC and perhaps other postal facilities. For the reasons stated above with respect to the Sandberg matters, the Court should exclude such evidence. Fed. R. Evid. 401, 402, 403.

5. Unrelated events and incidents.

In her affidavits, Lambert describes a number of incidents involving other women who allegedly were not treated appropriately. The Court should exclude this evidence for a number of reasons. First, it does not involve Lambert. Second, those incidents do not involve Lambert's alleged discriminating officials Thon, Vierling, and Arnold. Third, Lambert describes these incidents, but does not state that she has personal knowledge about them. If Lambert observed the conduct herself, and the incidents were inappropriate as she claimed, she as a Manager (and second from the top of the management ladder) was obligated herself to do something about the conduct. Her failure to do so, or even report it, should not be visited on the USPS in her *separate* lawsuit. Stated differently, Lambert should not be able to benefit from her own failings as a manager. Fed. R. Evid. 401, 402, 403.

In her affidavit, Lambert describes certain conduct by her supervisor before Thon (Mr. Wotzak) that she claims was hostile toward her as a woman. She did not report this conduct to anyone. It occurred prior to Spring 1996. It was perpetrated by one who was no longer her supervisor in April 1999 and was not identified as a discriminating official by Lambert in her EEO claim. That

conduct is thus too attenuated to be relevant to the present case. Fed. R. Evid. 401, 402, 403.

Lambert also cites in her affidavit other conduct by fellow MDOs that occurred in the 1995-97 time-frame. (EEO Affidavit pp. 2-4, 5-9.) Again, Lambert did not complain about this conduct to anyone and did not raise it until she submitted her EEO Affidavit in September 1999. As such, this evidence from that time frame should be excluded as too attenuated to be relevant or probative. It was conduct not done by the alleged discriminating officials Thon, Vierling, or Arnold. Further, since the conduct was not reported, it would be prejudicial to the USPS were this evidence not excluded. Fed. R. Evid. 401, 402, 403.

6. <u>The tapes and transcripts thereof</u>.

Lambert intends to introduce one or more tape recordings she alleges were of conversations she had with Tim Vierling in April 1999 and Thon in May 1999. The Court should exclude these tapes and the transcripts. The tape was so inaudible that much of it could not be understood or transcribed. As such, the tape should not be admitted because it is inherently unreliable. Fed. R. Evid. 401, 402, 403.

Dated: 7/19/04

THOMAS B. HEFFELFINGER
United States Attorney

s/Friedrich A. P. Siekert

BY: FRIEDRICH A. P. SIEKERT
Assistant United States Attorney
Attorney ID Number 142013
600 United States Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5600