UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Joyce E. Lambert,

Plaintiff,

v.

John E. Potter,
United States Postmaster General,

Defendant.

Civil File No. 00-2580 MJD/JSM

**PLAINTIFF'S MEMORANDUM OPPOSING DEFENDANT'S MOTIONS IN LIMINE**

---

## INTRODUCTION

Unsuccessful in its motion for summary judgment, the defendant has sought to accomplish by motions in limine what it could not accomplish in its prior briefing. Specifically, the Defendant asks this Court to keep out key evidence (1) the environmental evidence to prove a sexually hostile environment (2) the evidence of retaliatory behavior, animus and motive on Ms. Lambert's retaliation claim and (3) evidence that the Defendant's witnesses lack credibility in their testimony. Defendant supports its motions by general citation to "Fed. R. Evid. 401, 402 and 403." Defendant has failed to cast into doubt the relevance of this evidence under Rules 401 and 402 and has wholly failed to proffer arguments of prejudice under Rule 403. Plaintiff requests that Defendant's motions should be denied.

**I. Evidence of Discrimination Against Other Employees**

**A. The Court Should Deny Defendant's Motion to Exclude "Other EEO Complaints" and "Unrelated Events and Incidents."**

Under the heading, "Other EEO Complaints," the Defendant seeks a blanket exclusionary ruling barring evidence of other retaliation and discrimination claims. Under the law of Eighth Circuit, such an order would constitute reversible error.

Federal Rule of Evidence 404(b) expressly permits a party to introduce evidence of other wrongs or acts for the purpose of demonstrating motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident. Fed. R. Evid. 404(b). Evidence of Defendant's discrimination, harassment and reprisal against employees other than Joyce Lambert fits squarely into this rule.

The Eighth Circuit has long held that it is reversible error for a trial court to exclude background evidence concerning the employer's workforce, including particularly evidence of other acts of discrimination or harassment. *See Estes v. Dick Smith Ford Co., Inc.*, 856 F,.2d 1097, 1103-04 (8th Cir. 1988); *Hawkins v. Hennepin Technical Center*, 900 F.2d 153, 155 (8th Cir. 1990). An employer's background of discrimination is indeed relevant to proving a particular instance of discrimination. *See Phillip v. ANR Freight Systems, Inc.*, 945 F.2d 1054, 1056 (8th Cir. 1991) citing *Estes*, 856 F.2d at 1103. The effects of pre-trial "blanket evidentiary exclusions can be especially damaging in employment discrimination cases, in which plaintiffs must face the difficult task of persuading the fact-finder to disbelieve and employer's account of his own motives." *Quinn v. Consolidated Freightways Corp*. 283 F.3d 572 (3d Cir. 2002) citing *Estes*, 856 F.2d at 1103. For this reason there is a judicial inhospitality to blanket evidentiary exclusions in discrimination cases. *Id*. An employer's past discriminatory

policy and practice may well illustrate that an employer's asserted reasons for its action are pretext for intentional discrimination, and that this type of evidence should be freely admitted at trial. *See Hawkins*, 900 F.2d at 156 (reversible error to exclude other acts of sexual harassment). An atmosphere of condoned sexual harassment in a workplace increases the likelihood of retaliation for complaining in individual cases. *Id*. Background evidence may be critical for the jury's assessment of whether a given employer was more likely than not to have acted from an unlawful motive. *See Weihoff v. GTE Directories Corp*., 61 F.3d 588 (8th Cir. 1995) citing *Estes*, 856 F.2d at 1103-05.

Proof of sexual harassment, discrimination and reprisal claims may require evidence proving the following:

- that the workplace was permeated with conduct that was so sufficiently severe or pervasive as to create a hostile or abusive working environment.;
- that a reasonable person would find the workplace abusive
- that the victim found the workplace abusive;
- the fact finder must examine the frequency of the conduct; its severity; whether it is physically threatening or a mere offensive utterance and whether it unreasonably interfered with an employee's work performance; and
- that the employer knew or should have known of the harassment and failed to take timely and appropriate action to stop the harassment.

- that the managers who engaged in discrimination or retaliation had motive and/or intent to discriminate or retaliate
- that the managers who engaged in the discrimination or retaliation acted in conformity with actions taken against other employees who complained

*See Meritor Savings Bank, FSB v. Vinson*, 477 U.S. 57, 67 (1986); *Harris v. Forklift Systems, Inc.*, 114 S. Ct. 367 (1993); *Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742 (1998); *Ryther v. Kare 11*,108 F.3d 832, 842 (8th Cir. 1997).

Evidence of acts of harassment, discrimination and retaliation against other employees by the same perpetrator is the type of evidence necessary and admissible to establish the following elements: motive, intent, lack of mistake, notice to the employer of the harassing conduct; the pervasive nature of the conduct; the likelihood that the employer "should have known" of the conduct because it was open and obvious; the employer's failure to take effective corrective action to stop the harassment; whether the conduct was objectively and subjectively offensive; and whether the conduct did indeed create a hostile or abusive working environment. *Id.*

Notification of sexual harassment to an employer need not come solely from the victim of the harassment for knowledge to be imputed to the employer. *Sims v. Health Midwest Physician Services Corp.*, 196 F.3d 915, 920 (8th Cir. 1999) citing *Varner v. National Super Markets, Inc.*, 94 F.3d 1209, 1213 (8th Cir. 1996, cert denied, 519 U.S. 1110 (1997). Evidence of other acts of sexual harassment involving other employees is admissible to determining the "hostile environment" issue. *Longmire v. Alabama State*

*University*, 151 F.R.D. 414 (M.D. Ala. 1991) citing *Hicks v. Gates Rubber, Co.*, 833 F.2d 1406, 14154 (10th Cir. 1997) (additional citations omitted).

In this case, under the heading, "unrelated events and incidents," Defendant seeks to have excluded the Lambert's EEO affidavit, which this Court found to be sufficient evidence upon which a reasonable jury could conclude that Lambert had been subjected to a sexually harassing environment. *See* Order dated February 3, 2004, at 16. ("The twenty two pages of that EEO affidavit provide sufficient evidence wherein a jury could find a hostile work environment."). Disguised as an evidentiary motion, Defendant uses the same reasoning it did in its motion for summary judgment based on exhaustion of remedies – that the conduct happened a few years ago and Lambert did not file an EEO claim after each and every incident. The only authority upon which Defendant relies is Fed. R. Evid. 401, 402 and 403. The Court rightly denied Defendant's motion based on the Supreme Court's ruling in *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002) and in the Eighth Circuit case of *Jensen v. Henderson*, 315 F.3d 845 (8th Cir. 2002) and should deny the Defendant's inappropriate motion in limine.

**B. Sandberg Testimony Should Not Be Excluded**

Defendant seeks to completely exclude the testimony of Jean Sandberg on the grounds that Ms. Sandberg and Ms. Lambert were not "similarly situated" in any relevant respect. Defendant relies on Fifth and Sixth Circuit law and on its attorney's factual assessment of the Sandberg action to support this motion.

Defendant is incorrect on the law, as detailed above. The factual assertions made by defense counsel, without citation to deposition transcript or trial document, are insufficient to support the motion. Moreover, Defendant's factual characterizations are

inaccurate. In her deposition, Judith Thon testified very differently than Defendant's account of the facts proved by Sandberg.

> *Q: Okay. So this deposition that you gave that was in the last calendar year – not with the last calendar year, but within the last 12 months?*
>
> *A: Yes.*
>
> *Q: That's about a case that is continuing right now and is before the Federal District Court in Minnesota, is that right?*
>
> *A: Yes.*
>
> *Q: And there are claims of retaliation and gender discrimination, right?*
>
> *A: Yes.*
>
> *Q: And you have been named as one of the persons who has allegedly retaliated against Ms. Sandberg, is that right?*
>
> *A: Yes.*

*Deposition of Judith Thon, sworn April 23, 2002 "Thon Depo Vol. I" at 10, ln 7 – 17.* Culberth Aff. Ex. 2.

Thon testified that she provided two affidavits in the *Sandberg* matter. *Thon Depo Vol. I at 21, ln 9 - 10.* Thon testified that Sandberg claimed that Thon had retaliated against her and obtained a verdict against the Postal Service on her retaliation claim.

> *Q: Okay. In the first Sandberg case, that Sandberg case went to trial, is that right?*
>
> *A.: Yes, it did.*
>
> *Q: Did you testify at the trial?*
>
> *A: Yes.*
>
> *Q: In that case, Jean Sandberg had accused you of retaliating against her, is that right?*

> *A: I believe that is correct, without going through my testimony. It was a few years back.*
>
> *Q: And the jury rendered a verdict that said, indeed, they believed that you had retaliated against Sandberg, is that right?*
>
> *A: I believe the verdict was that the jury believed that – that the Postal Service had retaliated against Ms. Sandberg.*
>
> *Q: And you were one of the people at the Postal Service who was accused of retaliating against her in that trial, right?*
>
> *A: I believe that is the way it was stated.*

*Thon Depo Vol. I at 15, ln10 - 16, ln 4.* Culberth Aff. Ex. 2

According to the order issued by the Court of the District of Minnesota, the claim of retaliation tried in the *Sandberg* matter relied in part on Ms. Thon's testimony that Sandberg was "removed from consideration for the Associate Supervisor Program based upon a negative recommendation from" a supervisor. *See* Culberth Aff. Exhibit 1, (Court order dated February 1, 2000) at 10 -11. Sandberg also was required to undergo a psychological fitness examination based on grievances and EEO complaints that the Plaintiff had filed. Under each factual scenario, the Court found that a reasonable jury could conclude that Defendant retaliated against Sandberg. *Id.* The jury did determine that the Postal Service retaliated against Sandberg.

In this case, this Court found a triable issue based on negative consequences suffered by Lambert due to a negative evaluation that Thon issued in retaliation for Lambert making an EEO complaint. Thon testified in her deposition that she required Lambert to undergo a fitness-for-duty examination, in part, because of Lambert's "behavioral problem." *Thon Depo. Vol. III at 390*, Culberth Aff. Ex. 3. Lambert had filed her first EEO complaint by this time period. Thon testified in her deposition that she

must provide an approving signature for every fitness-for-duty examination in the St. Paul plant, which would include both those of Lambert and Sandberg. *Id.* The Sandberg evidence goes to motive, intent and knowledge. On this basis, Plaintiff requests that Defendant's motion be denied.

**II. Evidence Of May 2000 Constructive Demotion Is Admissible**

The basis for Defendant's motion to exclude evidence of Lambert's constructive demotion in May 2000 is its contention that the Court lacks subject matter jurisdiction because Lambert did not make a separate EEO complaint regarding this demotion. Defendant's memorandum supporting this motion offers no legal citation, most likely because the Eighth Circuit long ago determined that Defendant's position lacks merit. When an employee files an administrative charge alleging discrimination and/or retaliation under Title VII, the judicial complaint may encompass any discrimination like or reasonably related to the allegations of the administrative charge, including new acts occurring during the pendency of the charge. *See Anderson v. Block*, 807 F. 2d 145, 148 (8th Cir. 1986). The Eighth Circuit has held that, to require a plaintiff to file a new administrative charge with each continuing incident of discrimination would create needless administrative barriers. *Id*. Thus, "[a] plaintiff will be deemed to have exhausted administrative remedies if the allegations of the judicial complaint are like or reasonably related to the administrative charges that were timely brought." *Id*.

Lambert made two internal EEO complaints, alleging sex harassment, sex discrimination and retaliation. Declaration of Joyce E. Lambert, sworn April 3, 2003, Exhibits 16, 17, and 19. After her constructive demotion, Lambert went to Ron Wood, Defendant's EEO officer, and asked whether she needed to file an addition EEO charge

because of the demotion to a level 16. Wood informed her that, because the violations were "continuing," i.e., she had already filed two charges alleging retaliation, she was not required to file an addition charge. Declaration of Joyce E. Lambert, sworn April 3, 2003, at ¶ 30. Thus, the jury may consider whether Lambert's constructive demotion was discriminatory or retaliatory. Moreover, the evidence of Lambert's constructive demotion is admissible as evidence of discriminatory and retaliatory motive.

**III. Evidence In Plaintiff's Case That May Be Related To Dismissed Claims**

Lambert brought alternative theories for liability. The court dismissed two of her alternative theories: FMLA retaliation and Disability Discrimination. Lambert has three claims remaining: Sexually Hostile Environment, Gender Discrimination and Retaliation. The blanket ruling that Defendant seeks to exclude evidence that related to dismissed claims ignores the fact that Plaintiff may bring alternative theories based on the same set of facts. Specifically, Lambert alleged that she was demoted in retaliation for bringing EEO claims against the Postal Service. *See* Plaintiff's Statement of the Case. The Court denied Defendant's motion for summary judgment on Lambert's retaliation claim. Lambert may, therefore, put on her evidence of retaliation. Moreover, should she prevail on one or more of her theories of liability, one potential element of damage would flow from the demotion.[1]

Much of this evidence could be offered additionally as background evidence to explain events, evidence of discriminatory animus, evidence of a hostile environment and evidence relating to damages. Under Defendant's motion, Lambert would not be able to describe the why she filed her EEO complaint in order to make her claim of retaliation

---

[1] Defendant refers to factual events as, "claims." Plaintiff did not make an AWOL claim, a "constructive demotion claim" or a "BMC detail claim." Thus, these claims have not been dismissed, as Defendant asserts.

based on those claims. This would cause juror confusion and is legally unsupportable. Evidence relating to Lambert's previous work experiences and Defendant's treatment of Lambert prior to her EEO charges is admissible to prove a change in Defendant's treatment of her, which is evidence relevant to issues of causation, motive and pretext. *See Ryther*, 108 F.3d at 840-843. Defendant's broad and sweeping attempt to eliminate evidence crucial to Ms. Lambert's three remaining theories of liability should be denied.

## IV. Evidentiary Objections to Tape Recordings and Transcripts are Unfounded

Defendant seeks whole-sale exclusion of tape recordings made by Plaintiff of two meetings with her supervisors, Vierling and Thon. The transcript of the Thon tape-recording was submitted to this Court in Plaintiff's Declaration in opposition to summary judgment. *See Declaration of Joyce E. Lambert Regarding Tape Transcripts sworn April 3, 2003.* The tapes are important as they memorialize meetings wherein factual allegations by the parties are disputed. The tapes provide the best evidence of what was actually said between the parties. While the tapes do contain some parts that are inaudible, this is not a ground to exclude the evidence. *United States v. Calderin-Rodriguez*, 244 F.3d 977 (8th Cir. 2001). The jury should be allowed to hear the tapes and review the transcript. The parties have already agreed to a joint jury instruction that will instruct the jury on any inaudible portions of the tape. The transcript submitted shows that there is sufficient information audible that the tape as a whole should not be rendered untrustworthy. *See Id.* Defendant's motion to exclude this crucial evidence should be denied.

## CONCLUSION

Ms. Lambert began to experience discrimination, harassment and retaliation, at the hands of the Postal Service in 1995. She has continued to experience devastating consequences to her career and to her emotional well-being. Now, after having proceeded through agency process, and court process, she is finally able to tell a jury of her peers her story. Plaintiff respectfully requests that the Court deny Defendant's motions.

Dated: July 21, 2004

s/Celeste E. Culberth
Celeste E. Culberth 228187
Leslie L. Lienemann 230194
**CULBERTH, LIENEMANN & STRATTON, LLP**
1050 Piper Jaffray Plaza
444 Cedar Street
St. Paul, MN 55101
(651) 290-9300
**Attorneys for Plaintiff**