UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 00-2580 MJD/JSM

| | |
|---|---|
| JOYCE E. LAMBERT,<br><br>Plaintiff,<br><br>v.<br><br>JOHN E. POTTER, IN HIS OFFICIAL CAPACITY AS POSTMASTER GENERAL OF THE UNITED STATES,<br><br>Defendant. | **DEFENDANT POTTER'S OBJECTION TO PLAINTIFF'S DESIGNATION OF DEPOSITION TESTIMONY OF JEAN SANDBERG** |

## INTRODUCTION

Defendant John E. Potter, Postmaster General, United States Postal Service ("USPS") objects to the admission of the trial deposition testimony of Jean Sandberg, whether live or by deposition. The Court should exclude the Sandberg deposition for the reasons stated herein as well as those set forth in the USPS's motion in limine. Fed. R. Evid. 401, 402, 403.

## BACKGROUND

Jean Sandberg was and presumably remains an employee of the USPS and worked in the St. Paul P&DC from 1989 until December 1999, when she was separated from the USPS for excessive absenteeism. During this period, Sandberg missed work many days, weeks, and months allegedly due to work related stress. She secured an FMLA leave of absence and filed for workers compensation (OWCP) benefits, which application was denied originally. The USPS issued disciplinary actions against her for absenteeism as well. During

that period, she filed a number of EEO claims all but two of which were resolved adversely to her. On April 13, 1999, she filed an EEO claim (No. 1-I-551-0012-99) on the basis of disability, race (white), sex, age, and retaliation and named as discriminating officials Drew Aliperto, Arlene LeBlanc (now deceased), and Cheryl Gillis. The gravamen of this claim was to obtain a return to work within her restrictions. After the USPS denied the claim, Sandberg filed suit. Sandberg v. Henderson, Civil No. 98-1653 (DWF/AJB)("Sandberg I"). The Court dismissed all the claims except for the retaliation claim. A jury returned a verdict in favor of Sandberg. Contrary to representations by Lambert in the present case, Sandberg I did not involve Judy Thon, although Thon did testify at trial.

After her separation, Sandberg grieved her separation through the union grievance process and also filed a second lawsuit, Sandberg v. Henderson, Civil No 00-2398 (MJD/JGL)("Sandberg II"). On December 17, 2002, Sandberg prevailed on her union grievance and she was returned to work and awarded back pay. This Court granted the USPS summary judgment on the Rehabilitation Act count, but retained the retaliation claim. Subsequently, the parties settled her lawsuit. Given these facts, the Court should exclude the Sandberg testimony for a number of reasons set forth below.

**ARGUMENT**

A. THE COURT SHOULD EXCLUDE THE SANDBERG TESTIMONY.

Whether by deposition or otherwise, the Court should exclude the Sandberg testimony as wholly irrelevant. Fed. R. Evid. 401 and 402. First, Sandberg's case involved different grounds of discrimination. Lambert's case involves sex discrimination whereas the gravamen of Sandberg's cases was disability discrimination. The probative value of other discriminatory acts involving other people depends on their relevance to the acts of which plaintiff complains but also on the nature of the discrimination charged. Hunter v. Allis-Chalmers, 797 F.2d 1417, 1424 (7th Cir. 1986). The Court should exclude evidence of discrimination based on grounds other than sex because such evidence would not bear on any issue in this trial. See, e.g., Harris v. Secretary of the Army, 119 F.3d 1313, 1322 (8th Cir 1997)(in retaliation case, court properly excluded sexist remarks as not probative of retaliation and highly prejudicial); Crowe v. Wiltel Communications Systems, 103 F.3d 897, 900 (9th Cir. 1996)(district court correctly excluded from sex discrimination/harassment case evidence of race and sexual orientation); Kelly v. Boeing Petroleum Serv., Inc., 61 F.3d 350, 358 (5th Cir. 1995)(trial court properly excluded from disability case evidence regarding sex and race); Coles v. Perry, 217 F.R.D. 1, 9-10 (D.D.C. 2003)(in sex discrimination/retaliation case, the court excluded testimony of witness who had a *race* discrimination

complaint against same supervisor five years earlier as irrelevant, unfairly prejudicial, and a waste of time). Here, Sandberg will offer testimony concerning alleged discrimination/retaliation in connection with her return to work in a Rehabilitation Act context. Here, the Court has dismissed the Rehabilitation Act claims. The Lambert trial will relate only to discrimination and retaliation based on sex. The Court should exclude the Sandberg testimony as it relates to different grounds of discrimination and is thus irrelevant. Fed. R. Evid. 401, 402.

The Sandberg testimony also is not relevant because the two women are not situated similarly in any meaningful respect. Where the proposed witness is not similarly situated to the plaintiff in the case being tried, the Court should exclude the testimony as not relevant. Saulsberry v. St. Mary's University of Minnesota, 318 F.3d 862 (8th Cir. 2003)(isolated, stray comments by nondecisionmakers properly excluded); Callahan v. Runyon, 75 F.3d 1293, 1298 (8th Cir. 1996)(in disparate treatment/sex case, trial court properly excluded testimony of other employees about other supervisors as being generalized subjective assertions of perceived bias and irrelevant); Wyvill v. United Companies Life Insurance Company, 212 F.3d 296, 303 (5th Cir. 2000)(testimony of other employees properly excluded as irrelevant and prejudicial where other employees had different supervisors, worked in different areas, and were terminated in different time frame than plaintiff);

Williams v. Nashville Network, 132 F.3d 1123, 1130 (6th Cir. 1997)(in failure to hire case based on race, court properly excluded testimony of another unsuccessful job applicant for different position six years earlier and reviewed by different manager); Mooney v. Aramco Services Co., 54 F.3d 1207, 1221 (5th Cir. 1995)(district court properly excluded testimony of other employees with different supervisors as anecdotal, dissimilar, and attenuated); Schrand v. Federal Pacific Electric Co., 851 F.2d 152, 156 (6th Cir. 1988)(in age case, court properly excluded testimony from other employees who, while allegedly having been terminated because of age, worked for different supervisors in different parts of the company from plaintiff).

Here, other than working in St. Paul and being a female, Sandberg's situation bears no resemblance to Lambert's present case. Sandberg was a low to mid level craft employee whereas Lambert was upper level management as an EAS-22, MDO. Sandberg worked in maintenance, whereas Lambert worked in mail processing. Sandberg had different direct supervisors and managers than Lambert's. Sandberg's second level supervisor and alleged discriminating official was Drew Aliperto. Aliperto is a manager like Lambert. Aliperto is not named in the Lambert matter. Likewise, Sandberg has nothing to offer in Lambert's hostile work environment claim. Sandberg worked in a different part of the St. Paul P&DC, in a different function, and under different management

than Lambert. Additionally, because of her many and lengthy absences for illness and otherwise, Sandberg was not present in St. Paul for much of the time from January 1995 to December 1998, and was not there at all from December 1998 until December 2002 well after Lambert was gone. Thus, Sandberg would have no personal knowledge of the environment at the St. Paul P&DC. The issues in Sandberg's matters involved getting her back to work and disability discrimination/retaliation whereas Lambert's case involves sex not disability discrimination. Because the Sandberg and Lambert matters are totally different, and the two plaintiffs are not similarly situated in any relevant respect, the Court should not allow any evidence about Sandberg or from Sandberg. This evidence is not relevant. Fed. R. Evid. 401, 402.

Admission of the Sandberg testimony also would work an unfair prejudice on the USPS and, thus, should be excluded. Fed. R. Evid. 403. First, the USPS has already had to defend itself in two lawsuits and a lengthy union grievance proceeding, not to mention the numerous EEO matters, involving Sandberg. Admission of the Sandberg testimony would open the door to a retrial on those matters which have been resolved and , as stated, bear no relevance to Lambert's case, all to the prejudice of the USPS. Second, such a retrial of those issues may suggest to the jury a decision on an improper, emotional basis. Easley v. American Greetings Corp., 158 F.3d 974, 976 (8th Cir. 1998)(evidence that would invite the jury

to reach a decision on an improper basis properly excluded); Bhaya v. Westinghouse Electric Corp., 922 F.2d 184, 188 (3rd Cir. 1990)(evidence that a party committed wrongs other than those at issue in case creates danger of unfair prejudice and is properly excluded). Here, admission of Sandberg's testimony, whether live or by deposition would work an unfair prejudice on the USPS.

The Court should exclude the Sandberg testimony on the separate grounds that its admission would confuse the jury, mislead the jury, and would be a waste of time. Fed. R. Evid. 403. See 2 Weinstein's Federal Evidence, § 403.05[1] (2002). Here, were the Sandberg testimony admitted, the USPS would be compelled to offer testimony and evidence of its own to defend its actions with respect to Sandberg. There would be a mini-trial about Sandberg and her supervisors in the middle of a trial about Lambert and her different supervisors. The questionable Sandberg evidence will distract the jury from the real issues in the Lambert case. Thus, it should be excluded. See Bhaya, 922 F.2d at 189 (evidence excluded on basis of both unfair prejudice and confusion); Schrand, 851 F.2d at 156 (testimony of two other employees excluded because of unfair prejudice and confusion as it dealt with totally unrelated events and unfairly assumed a connection between the terminations of those employees and that of plaintiff). The Court should not allow the Sandberg testimony to avoid confusing and misleading the jury.

The Sandberg testimony will open the door for a mini-*retrial* of her case which will be a demonstrable waste of time and cause undue delay. A court should exclude evidence where it will cause undue delay or waste of time. See Tennison v. Circus Circus Enterprises, 244 F.3d 684, 690 (9th Cir. 2001)(court properly exclude testimony that same supervisor sexually harassed two other women five years before because it would create a disputed mini-trial on two other separate claims); Mathis v. Phillips Chevrolet, 269 F.3d 771, 776 (7th Cir. 2001)(evidence proffered by defendant of prior frivolous suits properly excluded to avoid mini-trials of unrelated matters). Given that Sandberg's resolved situation involves totally different claims, supervisors, and circumstances, the Court should exclude the Sandberg testimony as an utter waste of time. Fed. R. Evid. 403.

Finally, Lambert may seek to have Sandberg provide her lay opinion about the St. Paul P&DC. The Court should exclude such improper testimony as neither probative or helpful. Fed. R. Evid. 701, 702, 704(a). See Hester v. BIC Corp., 225 F.3d 178, 185 (2d Cir. 2000)(transfer case involving race, court of appeals reversed admission of evidence of four coworkers as lay testimony amounting to naked speculation concerning defendant's motives); Lynch v. City of Boston, 180 F.3d 1, 17 (1st Cir. 1999). Similarly, here, Sandberg's testimony about her experiences and opinions about what occurred in her case and the underlying reasons would amount to

naked speculation about the motives and intent of different managers and under different circumstances than those involved in Lambert's case.

B. LAMBERT MUST ESTABLISH UNAVAILABILITY AT TRIAL.

The Court should exclude the deposition testimony of Sandberg unless Lambert establishes at the time of trial that Sandberg is then unavailable. Under the rules, a deposition of a witness, not a party, may be used in lieu of live testimony only if the witness is then dead; the witness is then over 100 miles away or out of the country; the witness is then unable to testify because of age, illness, infirmity, or imprisonment; the witness is not able to be subpoenaed; or the existence of other exceptional circumstances. Fed. R. Civ. P. 32 (a)(3). None of this has occurred yet.

## CONCLUSION

For the foregoing reasons, and those set forth in the Defendant's Memorandum in Support of Motion in Limine, the USPS prays that the Court exclude the testimony of Jean Sandberg whether live or by deposition.

Dated: July 21, 2004

THOMAS B. HEFFELFINGER
United States Attorney

s/Friedrich A. P. Siekert
BY: FRIEDRICH A. P. SIEKERT
Assistant United States Attorney
Attorney ID Number 142013
600 United States Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5600